# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHOO INTERNATIONAL, INC., a California Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>PHIX DOCTOR, INC., a Florida Corporation; and DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 13-CV-01395-GPC-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>[Dkt. No. 26.] |

## I. INTRODUCTION

On November 20, 2013, Plaintiff Wahoo International, Inc. ("Wahoo") obtained an entry of default against Defendant Phix Doctor, Inc. ("Phix Doctor"). (Dkt. No. 17.) Defendant now moves to set aside the entry of default. (Dkt. No. 26.) Plaintiff filed an opposition and Defendant replied. (Dkt. Nos. 28, 29.) For the reasons set forth below, the Court **GRANTS** Defendant's motion to set aside default.

## II. BACKGROUND

Plaintiff Wahoo is a leading manufacturer of UV cure resins. (Dkt. No. 1, Compl. ¶ 7.) Wahoo owns a federal trademark registration for its UV cure repair resin SOLAREZ, which it has marketed under that name continuously and consistently since June 26, 1989. (Id. ¶ 11.) On November 29, 2011, Defendant Phix Doctor, a direct competitor of Wahoo, announced on its website its new product, "Dura Rez." (Id. ¶ 14.) Dura Rez is also a UV cure repair resin in direct competition with Wahoo's SOLAREZ

UV cure repair resin. (Id. ¶ 14.)

On December 10, 2012, upon discovering Phix Doctor's use of the name "Dura Rez," Wahoo sent Phix Doctor's principal, Tony Gowen, a cease and desist letter. (Id. ¶ 15.) Phix Doctor continued to market its UV cure resin under the name "Dura Rez." (Id. ¶¶ 16-19.)

On June 14, 2013, Wahoo filed its complaint against Phix Doctor alleging (1) trademark infringement, (2) federal trademark dilution, (3) false designation of origin, (4) injury to business reputation and dilution under California law, (5) common law passing off and unfair competition, and (6) unfair competition. (Id. ¶¶ 6-15.)

On September 13, 2013, Phix Doctor principal Tony Gowen filed a letter asking for ten days to prepare a response to Wahoo's complaint. (Dkt. No. 8.) On September 17, 2013, Wahoo filed its first request for entry of default. (Dkt. No. 6.) On September 19, 2013, this Court issued an Order to Show Cause why default should not be entered for Plaintiff Wahoo due to Defendant's failing to have counsel appear as required of all corporations appearing before this Court pursuant to Civil Local Rule 83.3k. (Dkt. No. 10.) On September 27, 2013, Tony Gowen attempted to file an answer and affirmative defense on behalf of Phix Doctor. (Dkt. No. 13.) The Court rejected the document as not in compliance with Local Rules 5.1(a), legibility, and 83.3k, requiring an attorney to appear on behalf of a corporation. (Id.) At the Order to Show Cause Hearing on November 8, 2013, defense counsel appeared on behalf of Phix Doctor, and the Court denied Plaintiff's oral motion to file default against Defendant. (Dkt. No. 15.) The Court also ordered counsel to file his appearance by November 12, 2013. (Id.) Defense counsel failed to file his appearance by November 12, 2013.

On November 18, 2013, Wahoo submitted another request for entry of default, (Dkt. No. 16), and on November 20, 2013, the Clerk of Court entered default. (Dkt. No. 17.) On November 22, 2013, Defendant, through counsel, attempted to file a Motion to Dismiss for Failure to State a Claim, which was stricken by the Court for non-compliance with the local rules. (Dkt. Nos. 18, 20.) On December 13, 2013, Wahoo filed an ex parte Motion for Leave to Conduct Limited Discovery and for an Extension of

Time to File a Motion for Default Judgment, which the Court granted on December 19, 2013. (Dkt. Nos. 22, 23.)

On December 20, 2013, Phix Doctor attempted to file a Motion to Set Aside Default, which the Court rejected for non-compliance with the local rules. (Dkt. Nos. 24, 25.)  On December 30, 2013, Phix Doctor properly filed a Motion to Set Aside Default. (Dkt. No. 26.) On January 31, 2014, Wahoo filed an opposition (Dkt. No. 28), and on February 14, 2014, Phix Doctor filed a reply. (Dkt. No. 29.)

### III. LEGAL STANDARD

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). A court's discretion to set aside a default is "especially broad" where no default judgment has been entered. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994).

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Three factors govern the inquiry into "good cause" under Rule 55(c). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). "Those factors, which courts consistently refer to as the Falk factors, are: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing Falk, 739 F.2d at 463). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Mesle, 615 F.3d at 1091. However, a district court's finding that the defendants acted culpably need not "preclude it, as a matter of law, from setting aside [a] default judgment under Rule 60(b)(1) based upon excusable neglect." Brandt, 653 F.3d at 1112.

### IV. DISCUSSION

Defendant Phix Doctor argues there is good cause to set the entry of default

aside. (Dkt. No. 26 at 6.) Phix Doctor maintains that (1) its conduct was excusable neglect and therefore not culpable, (2) it has a meritorious defense, and (3) Plaintiff will not be prejudiced by setting aside the entry of default. (Dkt. No. 26 at 6-9.) Plaintiff Wahoo responds that (1) Phix Doctor is more likely attempting to delay judgment, (2) Phix Doctor's alleged defense lacks merit, and (3) Wahoo will be prejudiced by further delay of this case.

**1.     Defendant's Culpable Conduct**

A defendant's conduct is culpable if he has "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). Cases have used "intentional" to mean "willful, deliberate, or evidence of bad faith." See id. The term "intentionally" does not mean the Court can treat a party as culpable "simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092 (internal quotations omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' under default cases." TCI Group, 244 F.3d at 697-98. Such conduct is not *necessarily* culpable or inexcusable, although it may be "once the equitable factors are considered." Id.

When a defendant "seeks relief under Rule 60(b)(1) based upon 'excusable neglect,'" courts apply the "same three factors governing inquiry into 'good cause' under Rule 55(c)." Brandt, 653 F.3d at 1111. In Bateman v. U.S. Postal Service, in setting aside summary judgment pursuant to a Rule 60(b)(1) motion, the Ninth Circuit found that because the attorney acted in good faith, without prejudice to the opposing party, and with minimal delay or impact on the judicial proceedings, his neglect was excusable. 231 F.3d 1220, 1225 (9th Cir. 2000). In Bateman, the plaintiff's attorney

left to Nigeria because of a family emergency, aware that the defendant planned to file a motion for summary judgment and that a response would be due during the attorney's absence. Id. at 1222-23. The district court granted summary judgment. Id. at 1223. Twelve days later, the defendant's attorney wrote a letter to the court requesting that they set aside the summary judgment, which the court denied as an improper 60(b) motion. Id. One month later, the attorney properly moved to set aside the summary judgment under Rule 60(b)(1). Id. The Ninth Circuit, noting that the attorney's reason for delay was "admittedly weak," nonetheless set aside the summary judgment, finding the attorney acted with nothing "less than good faith," and that his "errors resulted from negligence and carelessness, not from deviousness or willfulness." Id. at 1225; see also J & J Sports Prods., Inc. v. Guest Food Serv. Corp., No. 09CV481, 2009 WL 4798883, at *2 (S.D. Cal. Dec. 8, 2009) (finding "no evidence the defendant acted in bad faith or wilfully delayed his response to prejudice the plaintiff" where the defendant had failed to respond due to attorney error).

The present case is unlike cases in which courts have found the defendant's conduct to be culpable. In Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., the court entered an entry of default against the defendants in April 2002, and entered a default judgment in January 2003. 375 F.3d 922, 925 (9th Cir. 2004). The defendants made no attempt to respond or contest the default orders until March 2003, when the plaintiff began collecting upon the judgment. Id. The court found that because the defendants had actual notice of both the entry of default and the default judgment and failed to respond until plaintiff began to collect on the judgment, the district court's denial of defendant's motion was within its discretion. Id. at 926.

Phix Doctor's actions here were not culpable. Its actions do not suggest an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092. Like the attorney in Bateman, counsel for Phix Doctor here experienced a "significant personal issue" with his wife's family that "substantially affected [his] family," "overwhelming" counsel and putting a "strain" on his time and work. (Dkt. No. 26-2,

Mataele Decl. at 3-4.) Counsel's personal family issue combined with an unexpected workload caused him to miss the court deadline. (Dkt. No. 29-1, Mataele Decl. at 2-3.) As the court noted in Bateman, although this is a "weak reason for delay," counsel's actions here suggest "negligence and carelessness, not deviousness or willfulness." 231 F.3d at 1225. Furthermore, Phix Doctor and counsel for Phix Doctor filed a motion to dismiss a few days after default had been entered, but it was rejected due to the entry of default. (Dkt. Nos. 18, 20.) Counsel further experienced technical issues accessing the CM/ECF system. (Dkt. No. 29-1, Mataele Decl. at 2-3.) These actions do not suggest an intent to "wilfully delay [the] response to prejudice the plaintiff," J & J Sports, 2009 WL 4798883, at *2.

Unlike the defendant in Franchise Holding II, Phix Doctor did not fail entirely to respond to the action until the plaintiff attempted to enforce a judgment. Rather, Phix Doctor's principal, Tony Gowen, attempted to file an answer and affirmative defense on behalf of Phix Doctor, but could not do so under Local Rule 83.3k, requiring an attorney to appear on behalf of a corporation. (Dkt. No. 13.) Counsel for Phix Doctor then filed the initially rejected motion to set aside default on December 20, 2013, just one month after default was entered, and prior to the entry of a default judgment. (Dkt. No. 24.) Phix Doctor's conduct was not culpable.

**2.     Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Group, 244 F.3d at 700 (citations omitted). To satisfy the "meritorious defense" requirement, all that is necessary is to "allege sufficient facts that, if true, would constitute a defense." Mesle, 615 F.3d at 1094.

As a defense to Wahoo's copyright infringement claims, Phix Doctor states that the term "rez" is generic, that Wahoo's trademark is not likely to be confused with Phix Doctor's product, and that it constitutes a monopoly to recognize the use as infringement. (Dkt. No. 26 at 9.) Although Wahoo contests these claims, the

question whether the factual allegation is true is not to be determined by the Court at the time it decides the motion to set aside the default. See Mesle, 615 F.3d at 1094. Rather, that question will be "the subject of the later litigation." Id. (citations omitted). Because the burden on Phix Doctor to present facts constituting a defense is not a heavy one, TCI Group, 244 F.3d at 700, Phix Doctor has alleged sufficient facts, if true, to constitute a meritorious defense.

**3.     Prejudice to Plaintiff**

To be prejudicial, setting aside a judgment "must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701 (citing Falk, 739 F.2d at 463). Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." Id.

Here, Wahoo argues it will be prejudiced because it will incur further costs, and will be "forced to endure further delay in obtaining injunctive relief." (Dkt. No. 28 at 12.) However, mere delay and litigation costs are not sufficient prejudice to justify refusing to set a side a default. See TCI Group, 244 F.3d at 701 (finding the Plaintiff suffered no cognizable prejudice merely by incurring costs in litigating the default). Wahoo has not established it would be prejudiced by setting aside the default judgment.

**4.     Condition of Setting Aside Default**

Wahoo requests that if the default is set aside, it should be conditioned upon Phix Doctor's payment of Wahoo's costs and attorney's fees, totaling $10,829.00. (Dkt. No. 28 at 16.)[1] Phix Doctor argues its conduct was dissimilar to the actions of parties in cases where courts sanctioned the defaulting party, and as such, the Court should decline to award attorney's fees and costs. (Dkt. No. 29 at 4.)

"Even where the Court finds the merits in favor of setting aside an entry of default," the Court has discretion to condition setting aside the default "upon the payment of a sanction." Nilsson, Robbins et al. v. Louisiana Hydrolec, 854 F.2d

---

[1] Wahoo also requests, without legal authority, that Phix Doctor only be permitted to file an answer to the complaint and not a motion. (Dkt. No. 28 at 16.) Accordingly, the Court denies the request.

- 7 -

1538, 1546-47 (9th Cir. 1988). By conditioning the setting aside of a default, the Court can rectify "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation." Id. at 1546. In Nilsson, the defendant had acted in "willful or deliberate disregard of discovery rules and court orders." Id. at 1547. The district court had "lifted three entries of default, imposed four orders for money sanctions against the defendant for failure to comply with discovery requests and court orders, and held numerous hearings on motions to comply with discovery requests." Id. By conditioning setting aside the defaults, the judge "was attempting to facilitate discovery and was protecting the non-defaulting party by not requiring the plaintiff to pay for its costs." Id. at 1546.

Here, the Court finds that Phix Doctor's actions did not constitute egregious conduct that would warrant the imposition of a sanction. Phix Doctor did not simply ignore the complaint; rather, its principal, Tony Gowen, was diligent and attempted to answer on behalf of Phix Doctor. (Dkt. No. 13.) Two days after default was entered, Defendant's counsel attempted to file a motion to dismiss. (Dkt. No. 18.) It does not appear that counsel knew default had been entered since he had not filed an appearance. (Dkt. No. 26-2, Mataele Decl. at 4.) Furthermore, counsel for Phix Doctor then filed the initially rejected motion to set aside default just one month after default was entered, and prior to any entry of default judgment. (Dkt. No. 24.) Errors in the case appear to be based on administrative mishaps, and not any "willful or deliberate disregard of discovery rules and court orders." Nilsson, 854 F.2d at 1547. The Court therefore finds that under the circumstances, an award of attorney's fees and costs is not warranted. However, Counsel for Phix Doctor is warned that if he continues to miss court deadlines without seeking relief from the Court, the Court may impose sanctions in the future. Accordingly, the Court **DENIES** Wahoo's request for attorney's fees and costs.

**5.     Plaintiff's Objections**

Wahoo objects to various statements contained in declarations filed by Defendant. (Dkt. Nos. 31, 32.) Because the Court in reaching its decision did not rely

on any statements to which Plaintiff objected, the Court need not rule on the objections.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's motion to set aside the entry of default, and **DENIES** Plaintiff's request for attorney's fees and costs. Defendant shall file a responsive pleading within fourteen (14) days.

IT IS SO ORDERED.

DATED: March 17, 2014

HON. GONZALO P. CURIEL
United States District Judge