# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHOO INTERNATIONAL, INC, <br><br> Plaintiff, <br><br> vs. <br><br> PHIX DOCTOR, INC., a Florida Corporation; and DOES 1-10, <br><br> Defendants. | CASE NO. 13cv1395-GPC(BLM) <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> [Dkt. No. 36.] |

Before the Court is Defendant Phix Doctor, Inc.'s ("Phix Doctor" or "Defendant") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Plaintiff Wahoo International, Inc.'s ("Wahoo" or "Plaintiff") filed an opposition on May 2, 2014. (Dkt. No. 38.) A reply was filed on May 20, 2014. (Dkt. No. 45.) Based on the reasoning below, the Court DENIES Defendant's motion to dismiss.

/ / / /

---

[1] Defendant also moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 36.) Rule 12(c) provides that a party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12(c). In this case, the pleadings have not closed since no answer has been filed. Accordingly, Defendant may not move pursuant to Rule 12(c). See Doe v. U.S., 419 F.3d 1058, 1061-62 (9th Cir. 2005) (motion for judgment on the pleadings before answer was filed was premature and should have been denied). The Court also notes that in the first paragraph of Defendant's brief, it states that it is also moving in the alternative for change in venue. (Dkt. No. 36-1 at 5.) However, the brief does not address that argument and the Court assumes it is a typographical error.

**Background**

According to the Complaint, Wahoo is a leading manufacturer of UV cure resins. Resins are thick liquids that harden into transparent solids and used to repair fiberglass, plastics, wood and metal. The repair putty hardens in 3 minutes when exposed to UV sunlight. SOLAREZ is a unique UV cure synthetic resin. It was the first UV cure resin on the surf market and first sold in 1987. Wahoo has invested in promotion of its product and education regarding use to the UV cure repair resin. As the first resin of its kind, SOLAREZ has become famous in the surf, snowboard, and skate industry. Plaintiff sells its products online directly to consumers and through distributors and retailers. Its distributors are located in San Diego, CA, Ocean City, MD and Aiea, HI and they distribute to retailers across the country.

Wahoo first registered the mark SOLAREZ on April 14, 1992 (Reg. No. 1,682,565) for clear resin coating. The mark's first registration lapsed for inadvertent failure to renew in 2003, but it was re-registered on January 6, 2004 with Reg. No. 2,802,579. The registration's date of first use is June 26, 1989. Plaintiff has used the SOLAREZ mark on its repair putty continuously and consistently since June 26, 1989.

Wahoo also alleges it is the owner of a family of marks with the root suffix -rez. Plaintiff has advertised "Rez-solutions" such as SPONGEREZ for bodyboard and swimfin repair resin since 1989; NEOREZ for wetsuit repair resin since 1990; and RADREZ for snow and skateboard and skate shoe repair resin since 1992. In the surf, skate, and snowboard industry and culture, -rez is recognized by customers to be associated with Plaintiff's products when it appears in a composite. Plaintiff advertises, promotes, and sells its -rez products in a manner designed to create an association of common origin for all marks containing -rez.

Defendant Phix Doctor is a producer of fiberglass repair products and accessories. Defendant purchased SOLAREZ products sometime before 2010. On November 29, 2011, it announced its new product "DURA REZ" on its website. According to its description, it is a fiber filled epoxy and polyester repair product and

also made of resin. Its advertising states: "cures in full sun in less then 3 minutes for a professional finish that saves you time and money!" The product is advertised as an ultra-clear, sun powered resin that works on epoxy and polyester and does not harden in the tube. DURA REZ has a product line with distributors in California, North Carolina, and Florida as well as retailers throughout the country.

When Plaintiff discovered the infringement on its trademark, SOLAREZ, it sent a cease and desist letter dated December 10, 2012 to Phix Doctor; however, Phix Doctor never responded. In January 2013, at a Surf Expo in Orlando, Florida, Wahoo's sales manager, Nelz Vellocido, saw Tony Gowen, a principal of Phix Doctor, exhibiting DURA REZ. At the time, Gowen told Vellocido that he would be "wind down" the use of the DURA REZ mark. However a month later, one of Plaintiff's distributors called to complain that retailers claimed to be buying SOLAREZ from a non-Wahoo distributor. When Plaintiff's distributors called that particular retailer and asked if they carried SOLAREZ, they said "yes, we sell SOLAREZ." However, the store was selling DURA REZ.

In March 2013, Defendant's website was still advertising DURA REZ. Therefore, on June 14, 2013, Plaintiff filed a complaint alleging causes of action for (1) Trademark Infringement, 15 U.S.C. § 1114; (2) Trademark Dilution,15 U.S.C. § 2235(c); (3) False Designation of Origin, 15 U.S.C. § 1125(A); (4) Injury to Business Reputation and Dilution, California Business & Professions Code section 14247; (5) Common Law Passing Off and Unfair Competition; and (6) Unfair Competition, California Business & Professions Code section 17200. (Dkt. No. 1.)

**Discussion**

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police

1  Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure
2  8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the
3  claim showing that the pleader is entitled to relief," and "give the defendant fair notice
4  of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.
5  Twombly, 550 U.S. 544, 555 (2007).

6      A complaint may survive a motion to dismiss only if, taking all well-pleaded
7  factual allegations as true, it contains enough facts to "state a claim to relief that is
8  plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,
9  550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
10 content that allows the court to draw the reasonable inference that the defendant is
11 liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause
12 of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for
13 a complaint to survive a motion to dismiss, the non-conclusory factual content, and
14 reasonable inferences from that content, must be plausibly suggestive of a claim
15 entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.
16 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as
17 true all facts alleged in the complaint, and draws all reasonable inferences in favor of
18 the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

19     Where a motion to dismiss is granted, "leave to amend should be granted 'unless
20 the court determines that the allegation of other facts consistent with the challenged
21 pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc.,
22 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well
23 Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to
24 amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at
25 658; Schreiber, 806 F.2d at 1401.

26     While it appears that Defendant moves to dismiss the entire complaint which
27 includes six causes of action, Defendant, in fact, only directly addresses the cause of
28 action for trademark infringement by name. Moreover, Defendant fails to assert the

1  legal standard as to each cause of action, and it also only indirectly addresses some
2  factors of certain causes of action.  Lastly, while some of the causes of action have
3  similar elements, Defendant fails to articulate which causes of action alleged in the
4  Complaint are similar.

**B.    Trademark Infringement - Lanham Act**

The Lanham Act provides "national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 198 (1985).  To prevail on a claim of trademark infringement, Plaintiff must prove "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."  Network Automation, Inc. v. Advanced Sys. Concepts, Inc., 638 F.3d 1137, 1144 (9th Cir. 2011) (citation omitted); 15 U.S.C. § 1114.

A claim for false designation of origin is subject to "[t]he same standard," except a claim for false designation of origin does not require that the mark be registered. Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1046 n. 6 (9th Cir.1999) (citing 15 U.S.C. §§ 1114(1) (trademark infringement), 1125(a)(1) (false designation of origin)).

**1.    Protectable Ownership Interest in the Mark**

Defendant's arguments primarily address whether Plaintiff has a protectable interest in the mark, "REZ."  In opposition, Plaintiff contends and the Complaint alleges that it has a protectable interest in the mark, SOLAREZ, not REZ and it raises the REZ family of marks theory to support its pleading of a likelihood of confusion. Therefore, the Court looks to see whether Plaintiff has demonstrated a protectable ownership interest in SOLAREZ.  The Court disregards the Plaintiff's argument that address whether REZ is entitled to trademark protection.  The issue of REZ is relevant in determining likelihood of confusion.

Three ways exist for a party to establish a protectable interest "(1) it has a

1  federally registered mark in goods or services; (2) its mark is descriptive but has
2  acquired a secondary meaning in the market; or (3) it has a suggestive mark, which is
3  inherently distinctive and protectable." <u>Applied Information Sciences Corp. v. eBay,</u>
4  <u>Inc.</u>, 511 F.3d 966, 969 (9th Cir. 2007).  Registration of a mark on the Principal
5  Register in the Patent and Trademark Office constitutes prima facie evidence of the
6  validity of the registered mark and the registrant's exclusive use of the mark on the
7  goods and serves specified in the registration.  <u>Id.</u>; <u>see also</u> 15 U.S.C. § 1057(b) ("A
8  certificate of registration of a mark . . . shall be prima facie evidence of the validity of
9  the registered mark. . . .")
10      Plaintiff filed its registered trademark no. 2,802,579 to the Complaint. (Dkt. No.
11 1-2, Compl. Ex. A.)  Defendant does not dispute the registration of the SOLAREZ
12 trademark.  Thus, Plaintiff has a protectable ownership interest in the mark, SOLAREZ.
13      **2.    Likelihood of Confusion**
14      "The test for likelihood of confusion is whether a 'reasonably prudent consumer'
15 in the marketplace is likely to be confused as to the origin of the of the good or service
16 bearing one of the marks." <u>Entrepreneur Medica, Inc. v. Smith</u>, 279 F.3d 1135, 1140
17 (9th Cir. 2002).  Courts in the Ninth Circuit typically apply the eight factors set out in
18 <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341 (9th Cir. 1979) to determine whether a
19 defendant's use of a mark or name creates a likelihood of confusion.  <u>See</u> <u>Rearden</u>
20 <u>LLC</u>, 683 F.3d at 1199; <u>Lahoti v. Vericheck, Inc.</u>, 636 F.3d 501, 507 (9th Cir.2011);
21 GoTo.com, 202 F.3d at 1205 Under <u>Sleekcraft</u>, the court analyzes likelihood of
22 confusion by looking at eight factors: "(1) strength of the mark; (2) proximity of the
23 goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing
24 channels used; (6) degree of care likely to be exercised by the consumer; (7)
25 defendant's intent in selecting the mark; and (8) likelihood of expansion of the product
26 lines." <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348-49 352 (9th Cir. 1979).  The
27 factors are "pliant" with some factors being more important than others and the relative
28 importance of each factor being case-specific. <u>Brookfield Comms., Inc. v. West Coast</u>

1 | Ent't Crop, 174 F.3d 1036, 1054 (9th Cir. 1999).

2 | When evaluating likelihood of confusion on a motion to dismiss, "[i]f the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely, the complaint should be dismissed." Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860 (9th Cir. 1996). However, "[w]hether confusion is likely is a factual determination woven into the law" that courts "routinely treat . . . as [an issue] of fact" best left for determination by a jury. Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1356, 1356 n. 5 (9th Cir. 1985).

Plaintiff alleges that the SOLAREZ mark is strong and famous since it is a registered mark. (Dkt. No. 1, Compl. ¶ 31.) Plaintiff asserts that it and Defendant sell directly competitive UV cure resin products for application in the surf, snowboard, and skate industry. (Id. ¶¶ 10, 14.) In addition, the Complaint alleges that the marks are similar and are used in the same industry. (Id. ¶ 27.) Plaintiff has pled that both parties market through their respective websites, and both exhibited at the January 2013 Surf Expo in Florida. (Id. ¶ 4, 14, 16.) It asserts facts to demonstrate at least one instance of likelihood of confusion. (Id. ¶ 17.) These allegations plausibly support the factor of likelihood of confusion.

Morever, as to similarity of the mark, Plaintiff contends that it is the owner of a "family of marks" which Plaintiff has advertised as "Rez-solutions" including SPONGEREZ; NEOREZ and RADREZ. It asserts that it advertises, promotes and sells its -REZ products in a manner designed to create an association of common origin for all marks containing -REZ. As a result, consumers in the surf, skate, and snowboard industry have come to associate all marks for repair resin containing the -REZ suffix with Wahoo. Defendant alleges that Plaintiff has not registered "REZ" and Plaintiff is not the first party to use REZ in the industry.

Confusing similarity of marks may also be established under the "Family of Marks" doctrine. CaesarsWorld, Inc. v. Milanian, 247 F. Supp. 2d 1171, 1197 (D. Nev. 2003). "A trademark owner may use a number of marks with a common feature or

1  'surname' that is distinctive enough to be recognized by the consuming public causing
2  them to associate such derivative marks with the trademark owner." Id.  "A family of
3  marks is a group of marks having a recognizable common characteristic, wherein the
4  marks are comprised and used in such a way that the consuming public associates not
5  only the individual marks, but the common characteristic of the family, with the
6  trademark owner." Id. (quoting J & J Snack Foods Corp. v. McDonald's Corp., 932
7  F.2d 1460, 1462 (Fed. Cir. 1991)).  A family of marks exist only when "the purchasing
8  public recognizes the common characteristic is indicative of a common origin of the
9  goods." AM General Corp v. Daimler Chrysler Corp., 311 F.3d 796 814 (7th Cir.
10 2002) (quoting Han Beauty, Inc. v. Alberto-Culver Co., 236 F.3d 1333, 1336 (Fed. Cir.
11 2001)).

12     A determination of whether a family of marks exists is a question of fact "based
13 on the common formative component's distinctiveness, the family's use, advertising,
14 promotion, and inclusion in party's other marks." Id. at 815 (citation omitted).  In
15 addition, whether the plaintiff "has used joint advertising and promotion in a manner
16 designed to create an association of common origin may be pertinent." Id.

17     Here, Defendant makes numerous arguments as to the REZ family of marks
18 which will require the Court to look at facts beyond those alleged in the Complaint.
19 The inquiry under Rule 12(b)(6) is the adequacy of the pleadings, not adequacy of the
20 evidence.  See Alonso v. Blackstone Finan. Group, LLC, 962 F. Supp. 2d 1188, 1193
21 n.4 (E.D. Cal. 2013).  Plaintiff has alleged facts supporting its allegation as to
22 likelihood of confusion.

23     Based on the allegations in the Complaint, the Court concludes that Plaintiff has
24 presented sufficient facts to plausibly suggest a claim entitling the plaintiff to relief as
25 to trademark infringement and false designation of origin.  See Iqbal, 556 U.S. at 678.
26 Accordingly, the Court DENIES Defendant's motion to dismiss.

27 **C.    Defendant's Request for Judicial Notice**
28     Defendant filed requests for judicial notice in support of its motion and in

1 support of its reply. (Dkt. Nos. 36-2; 45-1.) It filed requests for judicial notice of various trademark applications. Based on the ruling above and the limited review of a complaint on a motion to dismiss, the Court DENIES Defendant's requests for judicial notice.

**D.     Plaintiff's Evidentiary Objection**

Plaintiff filed an objection to Gowen's declaration because it consists of evidence outside the complaint which should not be considered. Based on the Court's reasoning above, the Court SUSTAINS Plaintiff's objection.

### Conclusion

Based on the above, the Court DENIES Defendant's motion to dismiss. The hearing set for June 27, 2014 shall be **vacated.**

IT IS SO ORDERED.

DATED: June 24, 2014

HON. GONZALO P. CURIEL
United States District Judge