1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   WAHOO INTERNATIONAL, INC, a          )   Case No. 13cv1395-GPC (BLM)
     California corporation,               )
12                                         )   **ORDER:**
                           Plaintiff,      )
13                                         )   **(1) DENYING DEFENDANT'S EX
                                           )   PARTE MOTION TO QUASH THIRD
14   v.                                    )   PARTY SUBPOENAS;**
                                           )
15   PHIX DOCTOR, INC, a Florida           )   **(2) DIRECTING THE PARTIES TO
     Corporation; and DOES 1-10.          )   EXECUTE A PROTECTIVE ORDER;**
16                                         )
                                           )   **AND**
17                                         )
                           Defendants.     )   **(3) MODIFYING PLAINTIFF'S
18                                         )   SUBPOENAS.**
                                           )
19   _____ )   [ECF No. 50]

20

21          On June 25, 2014, Defendant Phix Doctor, Inc. ("Phix Doctor") filed an "Ex Parte

22   Application for Protective Order, Motion to Quash and an Order Shortening Time."  ECF

23   No. 50.   On June 27, 2014, Plaintiff Wahoo International, Inc. ("Wahoo") filed an

24   "Opposition to Defendant's Ex Parte Motion to Quash and/or for a Protective Order."  ECF

25   No. 51.  Having considered all of the briefing and supporting documents presented, and for

26   the reasons set for below, the Court **DENIES** Defendant's motion to quash third-party

27   subpoenas, **ORDERS** the parties to execute a protective order, and **MODIFIES** Plaintiff's

28   subpoenas.

1

## FACTUAL AND PROCEDURAL BACKGROUND

2    On June 14, 2013, Plaintiff Wahoo filed this lawsuit against Defendants alleging

3   trademark infringement, in violation of 15 U.S.C. § 1114, trademark dilution and false

4   designation of origin, in violation of 15 U.S.C. § 1125 (A)&(C), and other related causes of

5   action. ECF No. 1. Plaintiff manufactures UV cure resins that are used to repair fiberglass,

6   plastic, wood, and metal, and sells its products online and through distributors in California,

7   Maryland and Hawaii. Id. at 3. Plaintiff owns SOLAREZ trademark[1] on its repair putty, and

8   alleges that Defendants developed a resin product, which they began marketing under the

9   confusingly similar "Durarez" mark in November 29, 2011. Id. at 4-6, 8, 12.

10    Defendant did not obtain counsel or otherwise respond to the complaint, and on

11   September 17, 2013, Plaintiff filed a motion for entry of default. ECF No. 6. On

12   September 19, 2013, District Judge Gonzalo P. Curiel issued an Order to Show Cause

13   ("OSC") why default judgment should not be entered against Defendant for failing to obtain

14   counsel. ECF No. 10. At the November 8, 2013 OSC hearing, Defendant appeared through

15   counsel, Isi Mataele, and the Court ordered "defense counsel to file their appearance by

16   11/12/2013." ECF No. 15. After Defendant did not appear or respond to the complaint by

17   the deadline, Plaintiff renewed its request for entry of default on November 18, 2013, and

18   the district court entered a default judgment against Defendant on November 20, 2013.[2]

19   ECF Nos. 16 & 17.

20    On December 13, 2013, Plaintiff filed an ex parte motion for an extension of time to

21   file for default judgment and for leave to conduct limited discovery necessary for Plaintiff's

22   default prove-up, which was granted on December 19, 2013. See ECF No. 22; see also ECF

23   No. 23 (containing District Judge Curiel's order allowing Plaintiff to "conduct discovery for

24   _____

25    [1] Plaintiff alleges that it started using the mark on its repair putty in June 26, 1989, and acknowledges
that the mark's first registration lapsed for "inadvertent failure to renew" in 2003. ECF No. 1 at 4, 6. The mark
26   was subsequently re-registered on January 6, 2004. Id.

27    [2] On November 22, 2013, Defendant attempted to file a motion to dismiss Plaintiff's complaint
pursuant to Fed. R. Civ. P. 12(b)(6), which was rejected and stricken by the Court for failure to comply with
28   the Court's local rules on November 26, 2013. ECF Nos. 18 & 20.

1    the limited purpose of proving Defendant's profits pursuant to 15 U.S.C. § 1117").   On

2    February 18, 2014, Plaintiff served Defendant with discovery requests seeking Defendant's

3    profits from the use of the allegedly infringing mark.   ECF No. 51-1, Declaration of Erin K.

4    Barns ("Barns Decl.") at 3.   Plaintiff alleges that in response to its discovery requests,

5    Defendant produced two excel spreadsheets, which listed total sales and some categories

6    of expenses, but did not produce any other documents, such as invoices or receipts.[3]   ECF

7    No. 51 at 7.   Although the parties preliminarily agreed on June 5, 2014, to enter into a

8    protective order, such order was not executed.   Id. at 4, 7; see also Barns Decl. at 4; ECF

9    No. 50-3, Declaration of Isi Mataele ("Mataele Decl.") at 2.

10           Plaintiff asserts that on June 5,[4] 2014, it served five subpoenas on Eastern Surf

11   Supply, Larry Block Enterprises, Ocean Lineage, Rainbow Distributing, and Shane Preston

12   of Salamander Paddle Gear.   Barns Decl. at 5; see also ECF No. 51-1 at 13, 23, 33, 43, 53,

13   63.

14           The subpoenas requested the following documents:

15           1.  ALL DOCUMENTS evidencing, constituting or relating to all agreements
             with PHIX DOCTOR, INC. regarding DURA REZ, including but not limited to,
16           contracts for purchase or sale and license agreements.
             2.  ALL DOCUMENTS evidencing, constituting or relating to the purchase or
17           sale of DURA REZ products, including but not limited to all invoices, receipts,
             refunds, COMMUNICATIONS, and agreements with third parties, including
18           retailers.
             3.  ALL DOCUMENTS evidencing, constituting or relating to all COMPLAINTS
19           received by YOU regarding DURA REZ products.

20   ECF No. 51-1 at 20, 30, 40, 50, 70 (emphasis in original).

21           Defendant filed the instant motion requesting the Court to enter a "protective order,

22   

23           [3] Defendant initially agreed to produce "all relevant financial documents in lieu of specific sales,
     customer list, or buying patterns," but did not do so after the subpoenas were served on its distributors and
24   the parties were unable to execute the protective order.   See Mataele Decl. at 2-3.

25           [4] Plaintiff alleges that a legal assistant at Plaintiff's firm "inadvertently served" a subpoena to
     Salamander Paddle Gear "early (on June 4, 2014)," that the subpoena was "withdrawn and re-issued after it
26   was served on Defendant," and that the "[r]espondent  was expressly told not to respond to the early-served
     subpoena."   See Barns Decl. at 5; see also ECF No. 51-1 at 62.  Plaintiff further asserts that "Plaintiff personally
27   served Defendant's counsel with the subpoenas to be served" at the parties' June 5, 2014 meeting, and that
     "the other four subpoenas (and the amended fifth subpoena) were served [on third parties] after being served
28   on Defendant."   Barns Decl. at 4-5.

a motion to quash, and order shortening time regarding disclosure of Defendant and third party trade secrets, proprietary information, and other protected information." ECF Nos. 50 at 1; 50-1 at 9.  In the alternative, Defendant asks the Court to order Plaintiff to bear the cost of production. ECF No. 50-1 at 9.  Defendant alleges that Plaintiff's subpoenas are procedurally deficient, improperly served, and seek to compel Defendant's distributors to produce protected information. ECF No. 50 at 2.

Plaintiff denies Defendant's allegations that the challenged subpoenas are procedurally deficient and seek privileged or trade secret information. ECF No. 51 at 1; <u>see also</u> ECF No. 50 at 2.  Plaintiff further asserts that Defendant's motion is "procedurally and substantively deficient," factually inaccurate, and that the ex parte relief sought by Defendant is improper in light of Defendant's delay in bringing the motion. ECF No. 51 at 1.  Plaintiff thus asserts that Defendant's motion should be denied, or, in the alternative, Plaintiff should be given additional time to respond to the motion. <u>Id.</u> at 9.

## LEGAL STANDARD

A court must modify or quash a subpoena that fails to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for trial within the state), requires disclosure of privileged or other protected materials, or subjects a person to undue burden. <u>See</u> Fed. R. Civ. P. 45(d)(3)(A) (i-iv).  The Federal Rule of Civil Procedure ("FRCP") 45  further provides that a court may modify or quash a subpoena when the subpoena, <u>inter alia</u>, requires the disclosure of a "trade secret or other confidential research, development, or commercial information." <u>See</u> Fed. R. Civ. P. 45(d)(3)(B).

Under FRCP 45(c)(3), a party lacks standing to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena.  <u>See In re REMEC, Inc. Sec. Litig.</u>, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); <u>see also</u> <u>Malibu Media, LLC v. Does 1-25</u>, 2012 WL 2367555, at *2 (S.D. Cal. June 21, 2012).  In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses

at issue, the breadth of the discovery request, and the litigant's need for the information." Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 354 (D.D.C. 2011); see also Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (providing that a court may quash a subpoena if the burden on the third party outweighs the likely benefit of the subpoena, "at least in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party."). A third-party subpoena issued pursuant to FRCP 45 also is subject to the limitations of FRCP 26. See Nidec Corp., 249 F.R.D. at 577; In Re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014). The court is required to limit the "extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

"A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26." In re REMEC, Inc. Sec. Litig., 2008 WL 2282647, at *1; see also Springbrook Lenders v. Northwestern Nat. Ins. Co., 121 F.R.D. 679, 680 (N.D. Cal. 1988) (noting that parties have standing to challenge third-party subpoenas under Rule 26). Upon a showing of good cause, the court may issue a protective order limiting the scope of the discovery sought against third parties. Duffy v. Kent Cnty. Levy Court, 800 F. Supp. 2d 624, 630-31 (D. Del. 2011) (citing Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, 190 F.R.D. 463, 467 (W.D. Tenn. 1999) ("courts have been inclined to limit the scope of discovery directed to non-parties in order to protect the non-party from harassment, inconvenience, or disclosure of confidential documents.")); Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. S. Dist. Iowa, 482 U.S. 522, 566 (1987) (under FRCP 26, "[a] court may 'make any order which justice requires' to limit discovery,

1  including an order permitting discovery only on specified terms and conditions, by a

2  particular discovery method, or with limitation in scope to certain matters.").

3  **DISCUSSION**

4      Defendant asserts that the subpoenas are procedurally defective and improperly

5  served because they were sent for service before Plaintiff provided Defendant with a "copy

6  or notice," and because the subpoenas did not give the third parties sufficient time to

7  comply.[5]  ECF Nos. 50 at 2; 50-1 at 2.  Defendant further asserts that the subpoenas seek

8  protected information and are overly burdensome.  ECF No. 50-1 at 2.  Defendant thus asks

9  the Court to quash the subpoenas served on Defendant's distributors.  ECF Nos. 50 at 1-2;

10  50-1 at 9.

11      Plaintiff counters that the subpoenas are not procedurally deficient because it re-

12  issued the prematurely-served subpoena and properly served the subpoenas after providing

13  notice to Defendant.   ECF No. 51 at 8; Barns Decl. at 5.   Plaintiff also claims that

14  Defendant's ex parte application is procedurally deficient[6] and that the ex parte relief sought

15  by Defendant is not justified in light of Defendant's delay in bringing the instant motion.

16  ECF No. 51 at 5-6.  Plaintiff therefore asserts that Defendant's motion should be denied.

17  Id. at 9.

18

19

20

---

21      [5] Defendant claims that the subpoenas did not give the third parties sufficient time to comply.  ECF
No. 50-1 at 2.  The challenged subpoenas listed the following dates of compliance: June 26, 2014 (subpoenas

22  directed to Eastern Surf Supply, Larry Block Enterprises and Ocean Lineage), July 3, 2014 (re-issued subpoena
directed to Salamander Paddle and Gear), and June 10, 2014 (subpoena directed to Rainbow distributing;

23  however Plaintiff represents that it gave Rainbow an extension until July 7, 2014).  See id. at 8; Barns Decl.
at 4-5; see also ECF No. 51-1 at 13, 23, 33, 43, 63.  Further, the cover letters accompanying each subpoena

24  advised the subpoenaed parties of the following: "Should you be unable to meet the deadline herein, we may
be able to be flexible in the timing and manner of the production of [the requested] documents."  ECF No. 51-1

25  at 12, 22, 32, 42, 62.  As such, Defendant's assertion that the subpoenas did not provide the third parties with
the sufficient time to comply lacks merit.  See ECF No. 50-1 at 2.

26

27      [6] Plaintiff points to several deficiencies in Defendant's ex parte application and cites to the California
Rules of Court.  ECF No. 51 at 5-6.  Plaintiff filed this case in federal court and its claims are, in part, based on
the violations of the Lanham Act, as amended, 15 U.S.C. §§ 1501, et seq.  ECF No. 1 at 2.  Accordingly, the

28  California Rules of Court are not binding in this proceeding.

**A.    Defendant's Procedural Challenges of the Third-Party Subpoenas**

Defendant claims that the subpoenas are procedurally defective because they were sent for service before Defendant was provided with a "copy or notice." ECF No. 50-1 at 2. "If the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The "prior notice" requirement of FRCP 45 is satisfied when notice is given simultaneously with the service of the subpoena. Florida Media, Inc. v. World Publications, LLC, 236 F.R.D. 693, 695 (M.D. Fla. 2006). Plaintiff represents that it "inadvertently served" a subpoena on Salamander Paddle Gear on June 4, 2014, before giving notice to Defendant, but later withdrew that subpoena. See Barns Decl. at 5. Plaintiff explains that on June 5, 2014, it "personally served" the challenged subpoenas on Defendant and then re-served the subpoena on Salamander Paddle Gear with instructions to disregard the prior subpoena, and served the other four subpoenas on the identified third parties. See id. at 4-5; see also ECF No. 51-1 at 62. Defendant does not provide any contrary facts. See ECF Nos. 50; 50-1; 50-2; 50-3. Accordingly, the Court finds Plaintiff satisfied FRCP 45's notice requirement. See Florida Media, Inc., 236 F.R.D. at 695.

Defendant also argues that the subpoenas should be quashed because they require the responsive documents to be produced in San Diego, which is beyond the authorized 100 miles, and because Plaintiff failed to "ensure reasonable compensation to the witnesses." ECF No. 50-1 at 7 (citing Fed. R. Civ. P. 45). "A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A). The subpoenaed third parties are located in Wilmington, NC; Simi Valley, CA; Orange, CA; Indian Harbour Beach, FL; and Boise, ID. See ECF No. 51-1 at 13, 23, 33, 43, 63. Although the challenged subpoenas seek production of documents at a designated location in San Diego, California, the subpoenas do not require any travel by the third parties. See id. "[T]he 100 mile limit

[imposed by FRCP 45] applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection." Walker v. Ctr. for Food Safety, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) (internal quotation omitted); see also Kremen v. Cohen, 2012 WL 1669358, at *2 (S.D. Cal. May 11, 2012). Accordingly, the Court finds that Defendant's challenge to the validity of the subpoenas on the ground that they require compliance beyond the geographical limits specified in FRCP 45 is without merit. See Fed. R. Civ. P. 45; Walker, 667 F. Supp. 2d at 138; Kremen, 2012 WL 1669358, at *2. Likewise, Defendant's argument that the subpoenas are procedurally defective because Plaintiff failed to "ensure reasonable compensation to the witnesses" also fails because witness fees are not required for subpoenas seeking documents. See ECF No. 50-1 at 7; see also Fed. R. Civ. P. 45(b)(1). Accordingly, the Court finds that the subpoenas are valid. See Fed. R. Civ. P. 45.

### B. Defendant's Motion to Quash Third-Party Subpoenas

Defendant alleges the information sought in the subpoenas is protected information and asserts that the subpoenas are overly burdensome. ECF No. 50-1 at 3-5; see also ECF No. 50-2, Declaration of Tony Gowen ("Gowen Decl.") at 2-3. Defendant thus asks the Court to quash the subpoenas. ECF Nos. 50 at 1-2; 50-1 at 9. Plaintiff objects by asserting that the subpoenas do not seek privileged or trade secret information. ECF No. 51 at 1. Plaintiff further claims that in response to its discovery requests, Defendant produced two excel spreadsheets, listing total sales and certain categories of expenses, and did not produce any documents, such as invoices or receipts, to establish its sales revenues to "support or authenticate" the produced data. Id. at 7. Plaintiff thus claims that it had "no choice but to subpoena this information" from third parties. Id. at 7-8; Barns Decl. at 4.

Defendant argues that the subpoenas seek protected information belonging to the subpoenaed parties and Defendant, and asks the Court to quash them because they improperly require the disclosure of a "trade secrets or other confidential research, development, or commercial information." ECF No. 50-1 at 5-6. Defendant asserts that the disclosure of the information about "[t]he region [Defendant sells in], what [Defendant]

sells, when it sells, how much it sells, and other similar information such as buying habits[7]," will afford Plaintiff and competitors an "unfair economic advantage," because they "could solicit distributors with business" by identifying "distributors' particular retailers and the amount of business and rate for each retailer."  <u>See</u> ECF No. 50-1 at 4-5; <u>see also</u> Gowen Decl. at 2.  Plaintiff objects by claiming that the subpoenas do not seek privileged or trade secret information.  <u>See</u> ECF No. 51 at 1.

As noted by Plaintiff, Defendant's website displays a list of Defendant's distributors.  <u>See</u> Barns Decl. at 4.  The website also lists Defendant's products, as well as retailers by geographical regions.  <u>See</u> http://phixdoctor.net (last visited on July 17, 2014).  As such, Defendant's distributor and retailer lists, the regions in which the retailers are located, and the products that Defendant sells, are readily available on the publicly-accessible website, and thus do not warrant protection.  However, as pointed out by Defendant, the information concerning the volume of business conducted with a particular retailer, the pricing offered to those retailers, customers' preferences, buying habits, and information reflecting business cycles, is not publicly available, and could be derived from the documents sought in the challenged subpoenas and used by Defendant's competitors to advance their economic interests.  <u>See</u> Gowen Decl. at 3.  Consequently, such information may warrant protection.  <u>See</u> <u>Triangle Mfg. Co. v. Paramount Bag Mfg. Co.</u>, 35 F.R.D. 540, 543 (E.D.N.Y. 1964).

As a general rule, a party does not have standing to challenge a subpoena issued to a third party, unless the party has some personal right or privilege relating to the information sought.  <u>See</u> <u>In re REMEC, Inc. Sec. Litig.</u>, 2008 WL 2282647, at *1; <u>see also</u> <u>Malibu Media, LLC</u>, 2012 WL 2367555, at *2 ("[H]owever minimal or exceedingly small . . . Defendants' interests . . . are, parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party.") (internal

---

[7] Defendant claims that it "spent years and tens of thousands of dollars" acquiring the information about clients' preferences, buying habits, and business cycles.  <u>See</u> Gowen Decl. at 3.

quotations omitted)).   None of the subpoenaed parties have moved to quash the subpoenas.  However, as discussed above, certain financial data concerning Defendant's sales sought in the subpoenas warrants protection, and thus, the Court will not deny Defendant's motion to quash for lack of standing.

In deciding whether to quash a third-party subpoena, a court must balance the burden imposed on the third parties subject to the subpoena with "the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." Call of the Wild Movie, LLC, 770 F. Supp. 2d at 354; see also Nidec Corp., 249 F.R.D. at 577.  Plaintiff asserts that the information sought in the challenged subpoenas is relevant.  In support, Plaintiff states that "any profits made by Defendant (through its distributors) on sales of the infringing product [are] relevant to Plaintiff's damages calculations" and customer complaints are relevant to Plaintiff's "allegation that Defendant's product melts Styrofoam boards." ECF No. 51 at 6-7. Defendant does not challenge Plaintiff's claim of relevance. See ECF Nos. 50; 50-1; 50-2; 50-3. District Judge Curiel's December 19, 2013 order allowed Plaintiff to conduct discovery for "the limited purpose of proving Defendant's profits." ECF No. 23.  In addition, the parties have conducted their Rule 26 conference and have agreed to conduct discovery. ECF No. 48.  As such, the requested information is relevant to claims and defenses at issue in this case.

With respect to the breadth of discovery requests, the challenged subpoenas seek all documents "evidencing, constituting or relating to" the following: "all agreements with [Defendant] regarding DURA REZ, including but not limited to, contracts for purchase or sale and license agreements", "the purchase or sale of DURA REZ products, including but not limited to all invoices, receipts, refunds, COMMUNICATIONS, and agreements with third parties, including retailers," and "all COMPLAINTS received by [third parties] regarding DURA REZ products." ECF No. 51-1 at 20, 30, 40, 50, 70 (emphasis in original).  Other than boldly alleging that the "requests are broad," Defendant does not provide any evidence to

support its assertion.  See ECF Nos. 50; 50-1; 50-2; 50-3.  Defendant also does not provide any alternative, narrower interpretation of the requests; Defendant's only recommendation is to quash all of the subpoenas.  See id.  Because the majority of the requests seek relevant documents establishing Defendant's profits from the sales of Dura Rez products and complaints regarding Dura Rez products, the Court finds that the majority of the requests are appropriate.  However, the Court finds that Plaintiff's requests for (1) "license agreements" and (2) all "COMMUNICATIONS and agreements with third parties, including retailers" are overbroad and Plaintiff has not established at this time a need for those documents.  See ECF No. 51-1 at 20, 30, 40, 50, 70.  The Court therefore modifies the subpoenas to delete the quoted language.

To establish its need for the subpoenaed information, Plaintiff represents that aside from producing the excel spreadsheets reflecting total sales and certain categories of expenses, Defendant did not produce any financial documents, such as invoices or receipts, to establish its sales revenues.  ECF No. 51 at 7.  As a result, Plaintiff argues that it needs to obtain the financial information from third parties.  Id. at 7-8; Barns Decl. at 4.  Defendant does not dispute Plaintiff's need for the information.  See ECF Nos. 50; 50-1; 50-2; 50-3.  Accordingly, the Court finds that Plaintiff has established a sufficient need for the requested documents, as modified by the Court in this order.

Defendant also alleges that the requests in the subpoenas are burdensome, because they are broad and seek the appearance of the subpoenaed parties, some of which are located more than 2,000 miles away, and impose substantial costs on third parties.  See ECF No. 50-1 at 2, 5; see also Gowen Decl. at 3.  Contrary to Defendant's assertions, the third parties are not required to appear in San Diego, California, but rather are directed to produce documents at a designated location in San Diego.  Defendant also claims that Plaintiff's request creates an undue burden on the third parties because the "cost for personnel to search for the records and print out the documents is substantial."  Gowen Decl. at 3.  The Court does not find this argument persuasive, because, as noted above, the documents sought are reasonably-tailored to seek the information concerning Defendant's

profits.  Furthermore, the cover letters accompanying the subpoenas advised the third parties that the requesting party was "flexible in the timing and manner of the production" of the requested documents.  ECF No. 51-1 at 12, 22, 32, 42, 62.  As such, the documents could be produced electronically, thereby avoiding any printing or copying costs.  Moreover, Defendant has not provided any facts or evidence regarding the burden of the subpoenaed entities.  See ECF Nos. 50; 50-1; 50-2; 50-3.  This failure is significant since Defendant will not be responding to these subpoenas; the third parties will and they have not filed a motion to quash on the grounds that the subpoenas are unduly burdensome.

After considering the relevance of the information sought, the breadth of the discovery requests, Plaintiff's need for the information, and the lack of evidence regarding burden, the Court finds that the burdens imposed on the third parties do not outweigh the likely value of the responsive documents.  See Call of the Wild Movie, LLC, 770 F. Supp. 2d at 354; see also Nidec Corp., 249 F.R.D. at 577.  Therefore, the Court **DENIES** Defendant's ex parte motion to quash third-party subpoenas.  See Fed. R. Civ. P. 45(d)(3).

### C. **Defendant's Motion for a Protective Order**

Defendant claims that the disclosure of the subpoenaed information to Defendant's competitors or the public will cause "irreparable harm," and asks the Court to grant a protective order.  See ECF No. 50-1 at 3-5, 8; see also Gowen Decl. at 2.  Defendant asserts that the third parties "feel harassed and aggravated by the subpoenas," and are "fearful they may be liable in part for being in business" with Defendant.  Gowen Decl. at 3. Plaintiff counters by arguing that the subpoenas do not seek privileged or trade secret information and thus none of the documents sought should be subject to a protective order. ECF No. 51 at 1, 6.  Because the subpoenas seek sensitive financial information regarding Defendant's sales, were served on Defendant's current distributors, and put a strain on Defendant's business relationship with the distributors, Defendant's interests are sufficiently jeopardized to afford standing to seek a protective order.  See Fed. R. Civ. P. 26; see also In re REMEC, Inc. Sec. Litig., 2008 WL 2282647, at *1; Springbrook Lenders, 121 F.R.D. at 680.

For good cause, a court may issue an order "specifying terms . . . for the disclosure or discovery", "prescribing a discovery method other than the one selected by the party seeking discovery", "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters," and "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1).  Because Plaintiff seeks detailed information concerning Defendant's financial data that could give Defendant's competitors a competitive advantage, good cause exists for a protective order in this case. See In re Adobe Sys., Inc. Sec. Litig., 141 F.R.D. 155, 158 (N.D. Cal. 1992) (stating that good cause may be found to protect "financial information and business strategy or marketing information which, if revealed to a competitor, would put a company at a competitive disadvantage.").

The parties' pleadings and affidavits indicate that they preliminarily agreed to enter into a protective order.   See ECF No. 51 at 4, 7; Barns Decl. at 4; Mataele Decl. at 2. However, such order was not executed as of June 25, 2014, when Defendant filed the instant motion. See ECF No. 51 at 7.  Accordingly, the Court **ORDERS** the parties to meet and confer on this issue and then execute an appropriate protective order, which must be filed with the Court by **August 1, 2014**.  If the parties are unable to agree on the terms of a protective order, each party must file a proposed protective order with the Court by **August 1, 2014**.  The Court further **ORDERS** Eastern Surf Supply, Larry Block Enterprises, Ocean Lineage, Rainbow Distributing, and  Salamander Paddle Gear to produce all documents responsive to the subpoenas as modified by this order by **August 8, 2014**. The documents will be produced pursuant to the protective order.

///

///

///

///

///

## SUMMARY AND CONCLUSION

For the reasons set forth above, the Court:

(1) **DENIES** Defendant's ex parte motion to quash third-party subpoenas;

(2) **ORDERS** the parties to execute a protective order;

(3) **MODIFIES** Plaintiff's subpoenas as follows:

> 1. ALL DOCUMENTS evidencing, constituting or relating to all agreements with PHIX DOCTOR, INC. regarding DURA REZ, including contracts for purchase or sale.
> 2. ALL DOCUMENTS evidencing, constituting or relating to the purchase or sale of DURA REZ products, including all invoices, receipts, refunds.
> 3. ALL DOCUMENTS evidencing, constituting or relating to all COMPLAINTS received by YOU regarding DURA REZ products.

The third parties on whom the subpoenas were served must produce all documents and information responsive to these requests by **August 8, 2014**.  Plaintiff is ordered to serve a copy of this order on the five subpoenaed entities by **July 23, 2014**.

**IT IS SO ORDERED.**

DATED:  July 18, 2014

BARBARA L. MAJOR
United States Magistrate Judge