# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WAHOO INTERNATIONAL, INC, | CASE NO. 13cv1395-GPC(BLM) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| vs. | |
| PHIX DOCTOR, INC., a Florida Corporation; and DOES 1-10, | [Dkt. No. 59.] |
| Defendant. | |

Before the Court is Plaintiff's motion for leave to amend the Complaint. (Dkt. No. 59.) Defendant filed an opposition and Plaintiff filed a reply. (Dkt. Nos. 64, 66.) Based on the briefs, and the applicable law, the Court GRANTS Plaintiff's motion for leave to amend the Complaint.

## Background

According to the Complaint, Plaintiff, Wahoo International, Inc. ("Wahoo"), is a leading manufacturer of UV cure resins. Resins are thick liquids that harden into transparent solids and are used to repair fiberglass, plastics, wood and metal. SOLAREZ is a unique UV cure synthetic repair resin putty that hardens in three minutes when exposed to UV sunlight. It was the first UV cure resin on the surf market and was first sold in 1987. Wahoo has invested in promotion of its product and education regarding use of the UV cure repair resin. As the first resin of its kind, SOLAREZ has become famous in the surf, snowboard, and skate industry. Plaintiff

1 sells its products online directly to consumers and through distributors and retailers.
2 Its distributors are located in San Diego, CA, Ocean City, MD and Aiea, HI, and they
3 distribute to retailers across the country.
4  Wahoo first registered the mark SOLAREZ on April 14, 1992 (Reg. No.
5 1,682,565) for clear resin coating. The mark's first registration lapsed for inadvertent
6 failure to renew in 2003, but it was re-registered on January 6, 2004 (Reg. No.
7 2,802,579.) The registration's date of first use is June 26, 1989. Plaintiff has used the
8 SOLAREZ mark on its repair putty continuously and consistently since June 26, 1989.
9  Wahoo also alleges it is the owner of a family of marks with the root suffix -rez.
10 Plaintiff has advertised "Rez-solutions" such as SPONGEREZ for bodyboard and
11 swimfin repair resin since 1989; NEOREZ for wetsuit repair resin since 1990; and
12 RADREZ for snow and skateboard and skate shoe repair resin since 1992. In the surf,
13 skate, and snowboard industry and culture, -rez is recognized by customers to be
14 associated with Plaintiff's products when it appears in a composite. Plaintiff
15 advertises, promotes, and sells its -rez products in a manner designed to create an
16 association of common origin for all marks containing -rez.
17  Defendant, Phix Doctor, Inc. ("Phix Doctor"), is a producer of fiberglass repair
18 products and accessories. Defendant purchased SOLAREZ products sometime before
19 2010 and then developed their own resin product. On November 29, 2011, it
20 announced its new product "DURA REZ" on its website. According to its description,
21 it is a fiber filled epoxy and polyester repair product and also made of resin. Its
22 advertising states: "cures in full sun in less then 3 minutes for a professional finish that
23 saves you time and money!" The product is advertised as an ultra-clear, sun powered
24 resin that works on epoxy and polyester and does not harden in the tube. DURA REZ
25 has a product line with distributors in California, North Carolina, and Florida, as well
26 as retailers throughout the country.
27  When Plaintiff discovered the infringement on its trademark, SOLAREZ, it sent
28 a cease and desist letter dated December 10, 2012 to Phix Doctor; however, Phix

Doctor never responded. In January 2013, at a Surf Expo in Orlando, Florida, Wahoo's sales manager, Nelz Vellocido, saw Tony Gowen, a principal of Phix Doctor, exhibiting DURA REZ. At the time, Gowen told Vellocido that he intended to "wind down" the use of the DURA REZ mark. However, a month later, one of Plaintiff's distributors called to complain that retailers claimed to be buying SOLAREZ from a non-Wahoo distributor. When Plaintiff's distributors called that particular retailer and asked if they carried SOLAREZ, they said "yes, we sell SOLAREZ." However, the store was selling DURA REZ.

In March 2013, Defendant's website was still advertising DURA REZ. Therefore, on June 14, 2013, Plaintiff filed a complaint against Defendant Phix Doctor, alleging causes of action for: (1) Trademark Infringement, 15 U.S.C. § 1114; (2) Trademark Dilution,15 U.S.C. § 2235(c); (3) False Designation of Origin, 15 U.S.C. § 1125(A); (4) Injury to Business Reputation and Dilution, California Business & Professions Code section 14247; (5) Common Law Passing Off and Unfair Competition; and (6) Unfair Competition, California Business & Professions Code section 17200. (Dkt. No. 1.)

On August 22, 2014, Plaintiff filed a motion for leave to amend the Complaint to add Anthony Gowen ("Gowen"), the principal of Defendant Phix Doctor. (Dkt. No. 59-1.) On September 17, 2014, Defendant filed an opposition.[1] (Dkt. No. 64.) On September 26, 2014, Plaintiff filed a reply. (Dkt. No. 66.)

**Discussion**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a

---

[1] Defendant has been in default since July 18, 2014. (Dkt. No. 54.) Entry of default cuts off a defendant's rights to appear in the action, file counterclaims, and present a defense. Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927); see also Cohen v. Murphy, 2004 WL 2779942, at *1 (N.D. Cal. 2004) ("Entry of the defendants' default cuts off their right to appear in the action or to present evidence"). As such, Defendant, who is in default, may not file an opposition to Plaintiff's motion to amend. Consequently, Plaintiff's motion to amend is without opposition and a failure to file an opposition "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Despite Defendant's defaulting status, the Court considers Defendant's opposition and ultimately reaches the same conclusion.

complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than to add new parties).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

Here, Plaintiff seeks to amend the Complaint to add the principal of Defendant, Anthony Gowen ("Gowen"), as a Defendant to the litigation. Plaintiff claims it has discovered facts supporting that Gowen personally directed Defendant's infringement of Plaintiff's trademark and is therefore personally liable under Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir. 1996). Gowen's deposition was first taken on Wednesday, August 20, 2014. Through that deposition, Plaintiff claims it discovered that Gowen: (1) is the only officer and active director of Defendant; (2) selected the DURA REZ mark; (3) ordered Plaintiff's product prior to launching his competing business; (4) places all orders for packaging materials for Defendant for the DURA REZ line; (5) hired and instructed the graphic designer who designed DURA REZ; (6) registered a www.durarez.com domain and Defendant's other domains; and (7) hired and directed the individuals who created and have maintained Defendant's website, which advertises and sells DURA REZ.

### A. Undue Delay

Plaintiff argues it has not delayed in filing its motion for leave to amend the Complaint because it discovered the relevant facts about Gowen at his deposition only two days before. (Dkt. No. 59-1 at 4.) According to Plaintiff, an unsuccessful mandatory settlement conference was held on August 22, 2014, and Plaintiff waited only one day after discovery of the new information to allow for completion of the conference before filing the motion. (Id. at 3-4.) Plaintiff further supports an absence of delay on its part by emphasizing that Defendant "has been in and out of, and is currently in, default." (Id. at 3.) It its opposition, Defendant argues that Plaintiff's unexcused delay in bringing the motion should be considered because the alleged facts were already known to Plaintiff. (Dkt. No. 64 at 7.) In its reply, Plaintiff responds that all it knew regarding Gowen's personal role at the beginning of the lawsuit was his apparent action as a spokesperson for Defendant, and that it moved for leave to amend two days after discovering new facts supporting Gowen's liability. (Dkt. No. 66 at 3.) Plaintiff further responds that, even if delay could be established, that alone is

insufficient to support denial of a motion for leave to amend. (Id.)

Here, Plaintiff filed the motion for leave to amend two days after Gowen's deposition, during which Plaintiff claims it learned new facts supporting Gowen's individual liability. Assuming the truth of that statement, the Court is not convinced that a period of two days amounts to "undue delay." Even if the relevant facts were already known to Plaintiff, as Defendant contends, this Court has discretion to permit leave to amend to add a defendant to the lawsuit "freely . . . when justice so requires." Foman, 371 U.S. at 182; see also Internat'l Ass'n of Machinists, 761 F.2d at 390. Moreover, even if Defendant could establish undue delay, "delay alone . . . cannot justify denial of leave to amend," DCD Programs, 833 F.2d at 186; therefore, any such delay by Plaintiff is irrelevant unless prejudice, bad faith, or futility can also be established, see Bowles, 198 F.2d at 758, which, for the reasons discussed below, cannot. In light of "the strong federal policy favoring the disposition of cases on the merits and permitting amendments with 'extreme liberality,'" DCD Programs, 833 F.2d at 186, the Court finds that Plaintiff did not unduly delay in bringing the present motion.

**B.    Bad Faith or Dilatory Motive**

Plaintiff argues an absence of bad faith on its part because it conducted Gowen's deposition and discovered the relevant facts two days prior to filing the motion for leave to amend. (Dkt. 59-1 at 4.) In its opposition, Defendant argues that Plaintiff's motion is brought in bad faith because it was "intended to leverage the case against Defendant" and cause Defendant "to incur more expenses in litigation." (Dkt. No. 60 at 7.) Defendant further asserts that the alleged facts fail to support a claim that Gowen is personally liable, and were already known. (Id.) In its reply, Plaintiff responds that adding Gowen to the lawsuit is not about leveraging the case, but rather ensuring that the proper parties are held accountable. (Dkt. No. 66 at 4.) With regard to timing, Plaintiff notes that it filed the motion immediately after Gowen's deposition and on the deadline. (Id. at 4-5.)

Here, there is no evidence, other than Defendant's conclusory allegations, that Plaintiff brought the present motion with the intention of leveraging the case or causing Defendant to incur additional litigation expenses. Moreover, Plaintiff promptly filed the motion after deposing Gowen in compliance with the court's deadline. In light of "the strong federal policy favoring the disposition of cases on the merits and permitting amendments with 'extreme liberality,'" DCD Programs, 833 F.2d at 186, the Court finds that Plaintiff did not have a bad faith or dilatory motive in bringing the present motion.

**C.  Repeated Failure to Cure Deficiencies by Amendments Previously Permitted**

This is the first time Plaintiff has attempted to amend the complaint; therefore, this factor does not apply here.

**D.  Prejudice to the Opposing Party**

Plaintiff argues that Gowen will not suffer any prejudice if this Court grants leave to amend the Complaint because he "is the one directing this litigation from the Defendant's side" and "has been fully involved from the outset of this litigation." (Dkt. No. 59-1 at 4.) In its opposition, Defendant argues that it would be severely prejudiced by Plaintiff's addition of Gowen because Plaintiff fails to allege an alter ego theory as required to establish Gowen's personal liability, and, if added, Gowen would have to file a new motion to dismiss and potentially a motion for summary judgment. (Dkt. No. 64 at 6.) In its reply, Plaintiff responds that amending the Complaint to add Gowen will not alter the allegations against Defendant in any way, nor will it require Defendant to reconduct discovery or redo dispositive motions because it has not conducted any discovery or brought any such motions. (Dkt. No. 66 at 4.) Further, Plaintiff contends that Gowen will not be prejudiced because he has been involved in the litigation since it arose and therefore has been put on notice of the claims that are now to be alleged against him personally, which arise out of the same series of events as gave rise to the claims against Defendant. (Id.)

First, the Court notes that alter ego is not required to establish Gowen's personal liability. See Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d at 823. In Yost, the plaintiff, Committee for Idaho's Desert, Inc. ("CIHD"), brought an action for trademark infringement and unfair competition against the defendants, three individual corporate officers and their corporation, for using the plaintiff's protected trade name. Id. at 818. The district court found that the defendants violated Section 43(a) of the Lanham Act and enjoined their use of the plaintiff's protected name. Id. at 818-19. On appeal, the Ninth Circuit emphasized the principle that "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf," which generally applies in the context of trademark infringement. Id. at 823-24 (quoting Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985)). The Ninth Circuit affirmed the district court's determination that an injunction against the defendant corporation would bind the individual defendants as corporate officers, and reversed the dismissal of CIHD's claims against the individual defendants. Id. at 824. Applying Yost to the instant case, Defendant's argument that it will suffer prejudice by leave to amend fails to the extent that it relies on the proposition that allegations of alter ego are required.

Next, the Court finds it noteworthy that Gowen has been involved in the present litigation since it began, and that the amended claims to be asserted against Gowen and the original claims against Defendant arise from the same series of events. Consequently, Gowen has been put on notice of Plaintiff's allegations against him and will not suffer prejudice if added to the lawsuit by means of amendment of the Complaint. As for Defendant, the Court finds it relevant that Defendant has not conducted any discovery or filed any dispositive motions, thus it would not suffer prejudice in the sense of being required to reconduct discovery of file new dispositive motions. Moreover, any existing preparation by Defendant of its defense of the original claims "necessarily included a factual and legal investigation covering the

same area" as the new claims against Gowen, which weighs against a finding of prejudice. See ITT Continental Baking Co., 668 F.2d at 1054 (citing Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973)). In light of "the strong federal policy favoring the disposition of cases on the merits and permitting amendments with 'extreme liberality,'" DCD Programs, 833 F.2d at 186, as well as the sound discretion of this Court, see Internat'l Ass'n of Machinists, 761 F.2d at 1390, the Court finds that granting Plaintiff leave to amend the Complaint to add Gowen as a defendant will not prejudice either Gowen or Defendant to the extent necessary to override that policy.

**E.   Futility of Amendment**

Plaintiff argues that amendment of the Complaint would not be futile because it "appears clear" that Gowen is personally liable for Defendant's infringement of Plaintiff's trademark. (Dkt. No. 59-1 at 4.) In its opposition, Defendant contends the allegation that Gowen directed Defendant as its president does not make him personally liable because relief is unavailable without allegations of alter ego, and corporate officers are generally not personally liable. (Dkt. No. 64 at 7-8.) Defendant argues, therefore, that amending the Complaint to add Gowen would be futile. (Id. at 7.) In its reply, Plaintiff responds that alter ego is not required to established Gowen's liability; rather, Gowen is liable on the basis of the holding in Committee for Idaho's High Desert because he personally directed and conducted the infringement of Plaintiff's mark. (Dkt. No. 66 at 5.) Therefore, Plaintiff argues that amending the Complaint to add Gowen is not futile. (Id.)

With regard to futility, leave to amend is warranted where the deficiencies of the complaint can be cured with additional allegations that are "consistent with the challenged pleading" and do not contradict the allegations in the original complaint. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990). Leave to amend should be granted where the court can "conceive of facts" that would render the plaintiff's claim viable. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir. 1990). Here, the original allegations against Defendant and the forthcoming

1 allegations against Gowen arise from the same series of events; therefore, the new allegations would not be contrary to those in the original Complaint.  Moreover, Plaintiff's amendment of the Complaint to add Gowen as a defendant would present a viable claim.  As a general principle, an officer or director of a corporation "is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."  Transgo, 768 F.2d at 1015.  As Plaintiff correctly points out, this principle applies in the context of trademark infringement.  See Committee for Idaho's High Desert, Inc., 92 F.3d at 823-24.  Thus, Gowen's personal liability as a principal of the corporation is at least conceivable.

Because "the underlying facts or circumstances relied upon by [Plaintiff] may be a proper subject of relief, [Plaintiff] ought to be afforded an opportunity to test his claim on the merits."  See Foman, 371 U.S. at 182.  In light of "the strong federal policy favoring the disposition of cases on the merits and permitting amendments with 'extreme liberality,'" DCD Programs, 833 F.2d at 186, the Court finds that it would not be futile for Plaintiff to amend the Complaint to add Gowen as a defendant.

## CONCLUSION

Based on the above, the Court GRANTS Plaintiff's motion for leave to amend the Complaint.  Plaintiff shall file a first amended complaint within seven (7) days of the filing date of this Order.  The hearing set for October 31, 2014 shall be **vacated.**

IT IS SO ORDERED.

DATED: October 28, 2014

HON. GONZALO P. CURIEL
United States District Judge