1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| WAHOO INTERNATIONAL, INC, | CASE NO. 13cv1395-GPC(BLM) |
|---|---|

11

Plaintiff,  **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE DEFAULT AS MOOT; AND GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

12

vs.

13
14

PHIX DOCTOR, INC., a Florida Corporation; and DOES 1-10,

15

Defendants.  [Dkt. Nos. 68, 71.]

16
17

Before the Court are Plaintiff's motion for default judgment and Defendant's

18

motion to set aside default. (Dkt. No. 68.) Oppositions and replies were filed. (Dkt.

19

Nos. 74, 77, 78, 79.) The Court finds the matter suitable for decision on the papers,

20

without oral argument, pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated

21

below, the Court DENIES Plaintiff's motion for default judgment, DENIES

22

Defendant's motion to set aside default as moot, and GRANTS Plaintiff's request for

23

attorneys' fees and costs.

24

**Procedural Background**

25

On June 14, 2013, Plaintiff Wahoo International, Inc. ("Plaintiff" or "Wahoo")

26

filed a complaint against Defendant Phix Doctor, Inc. ("Defendant" or "Phix Doctor")

27

alleging causes of action for: (1) Trademark Infringement, 15 U.S.C. § 1114; (2)

28

Trademark Dilution,15 U.S.C. § 2235(c); (3) False Designation of Origin, 15 U.S.C.

1  § 1125(A); (4) Injury to Business Reputation and Dilution, California Business &
2  Professions Code section 14247; (5) Common Law Passing Off and Unfair
3  Competition; and (6) Unfair Competition, California Business & Professions Code
4  section 17200. (Dkt. No. 1.) On September 17, 2013, Plaintiff filed a motion for entry
5  of default for Defendant's failure to appear or otherwise respond to the complaint.
6  (Dkt. No. 6.)  On September 27, 2013, Anthony Gowen ("Gowen"), the principal of
7  Phix Doctor attempted to file an answer; however the document was rejected because
8  a corporation may not appear without an attorney pursuant to Local Civil Rule 83.3k.
9  (Dkt. No. 13.)

10      On November 8, 2013, the Court held an order to show cause hearing why the
11  default should not be entered for failing to have counsel appear as required of all
12  corporations appearing before the court pursuant to Civil Local Rule 83.3k.  (Dkt. No.
13  15.)  At the hearing, defense counsel appeared and the Court denied Plaintiff's motion
14  for entry of default and  allowed Defendant to file an answer to the complaint by
15  November 12, 2013.  (Id.)  Defendant failed to file a response to the complaint by
16  November 12, 2013.  Consequently, on November 18, 2013, Plaintiff filed another
17  request for entry of default.  (Dkt. No. 16.)  Default was entered on November 20,
18  2013.  (Dkt. No. 17.)  On December 30, 2013, Defendant filed a motion to set aside
19  default.  (Dkt. No. 26.)  On March 17, 2014, the Court granted Defendant's motion to
20  set aside default and denied Plaintiff's request for attorney's fees and costs and directed
21  Defendant to file a responsive pleading within fourteen days.  (Dkt. No. 34.)

22      On April 3, 2014, Defendant filed a late motion to dismiss.  (Dkt. No. 36.)  On
23  May 14, 2014, Plaintiff filed an *ex parte* motion for temporary restraining order.  (Dkt.
24  No. 40.)  On May 20, 2014, the Court denied Plaintiffs' *ex parte* motion for a
25  temporary restraining order.  (Dkt. No. 47.)  On June 24, 2014, the Court also denied
26  Defendant's motion to dismiss.  (Dkt. No. 49.)

27      Because Defendant failed to file an answer after the Court denied Defendant's
28  motion to dismiss, on July 17, 2014, Plaintiff filed its third request for entry of default.

[13cv1395-GPC(BLM)]

1    (Dkt. No. 53.)  Entry of default was entered a second time on July 18, 2014.  (Dkt. No.

2    54.)

3        On August 22, 2014, Plaintiff filed a motion for leave to amend the complaint

4    to add Gowen, the principal of Defendant Phix Doctor.  (Dkt. No. 59-1.)  On October

5    28, 2014, the Court granted Plaintiff's motion for leave to amend the complaint.  (Dkt.

6    No. 73.)  An amended complaint was filed on November 4, 2014.  (Dkt. No. 75.)

7        Prior to the Court's order granting Plaintiff's motion for leave to amend the

8    complaint, on October 10, 2014, Plaintiff filed a motion for default judgment against

9    Defendant Phix Doctor, Inc. on the original complaint.  (Dkt. No. 68.)  An opposition[1]

10   and reply were filed.  (Dkt. Nos. 77, 79.)  On October 15, 2014, Defendant filed a

11   motion to set aside default.  (Dkt. No. 71.)  An opposition and reply were filed.  (Dkt.

12   Nos. 74, 78.)

13                                    **Discussion**

14   **A.    Plaintiff's Motion for Default Judgment and Defendant's Motion to Set**

15   **      Aside Default**

16       Plaintiff asserts that the Court may enter judgment on the original complaint

17   despite the filing of an amended complaint because the "filing of an amended

18   complaint does not open the default entered against a particular defendant unless the

19   amendment asserts new or additional claims for relief against that defendant."  (Dkt.

20   No. 68 at 13.)  Plaintiff cites to Federal Rule of Civil Procedure 5(a)(2), which states

21   that an amended complaint does not need to be served on a defendant who is in default

22   unless the amended complaint asserts new or additional claims for relief against the

23   defendant. In opposition, Defendant argues that the amended complaint supersedes the

24   original complaint and therefore, the motion for default judgment is moot.

25       It is "hornbook law" that an amended complaint supersedes the original

26   _____

27       [1]Plaintiff notes that Defendant filed his opposition to the motion for default
     judgment late.  The Court set a briefing schedule and ordered that Defendant file an
     opposition by October 31, 2014; however, Defendant's opposition was filed 10 days
28   late on November 10, 2014 without seeking leave of court. Despite the late opposition,
     Plaintiff filed a timely response three days later on November 13, 2014.

complaint. <u>See</u> <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 925 (9th Cir. 2012). "Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case." <u>Id.</u>; <u>Bullen v. De Bretteville</u>, 239 F.2d 824, 833 (9th Cir. 1956) ("[A]n amended pleading supersedes the original, the latter being treated thereafter as non-existent . . . .Once amended, the original no longer performs any function as a pleading."); <u>see also</u> <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989) (an amended pleading supersedes the original); <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (same).

District courts have held an amended complaint does not supersede the original complaint until properly served. <u>See</u> <u>J&J Sports Prods., Inc. v. Mac's Bar and Grille, LLC</u>, No. 12cv1584-GMN-DW, 2014 WL 650854, at *8 (D. Nev. Feb. 11, 2014); <u>Bricklayers and Allied Craftworkers Local Union No. 3 v. Palomino</u>, No. C-09-1589-CS(DMR), 2010 WL 2219595, at *5 n. 8 (N.D. Cal. June 2, 2010) (citing <u>Int'l Controls Corp. v. Yesco</u>, 556 F.2d 665, 669 (2d Cir. 1977) (holding that where an amended complaint is required to be served under Rule 5(a)(2), the amended complaint does not supersede the original complaint until properly served); <u>Blair v. City of Worcester</u>, 522 F.3d 105, 109 (1st Cir. 20089) (noting that "it is doubtful that the unserved complaint in fact superseded the original complaint"); <u>Doe v. Unocal Corp.</u>, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998) (commenting that the rule on supersedure "more likely to be adopted" by the Ninth Circuit is the Second Circuit rule that an original complaint is not superseded until proper service of the amended complaint.) In <u>Anunciation v. W. Capital Finan. Servs., Corp.</u>, 97 F.3d 1458 (9th Cir. 1996), in an unpublished decision, the Ninth Circuit cited to the Second Circuit for the proposition that an amended complaint does not supersede an original complaint until it is properly served. <u>Id.</u> The Ninth Circuit went on to hold that the original complaint remains viable on default judgment when an amended complaint is not properly served. <u>Id.</u>; <u>but see</u> <u>Chilko v. Lorren</u>, No. 07cv1316 OWW GSA, 2008 WL 4468995, at *2 (E.D. Cal. Sept. 30, 2008) (granting motion for leave to file an amended complaint and deeming Plaintiff's motion

[13cv1395-GPC(BLM)]

for default judgment withdrawn and vacating default entered); <u>Miller v. Woodford</u>, No. Civ. S-07-1646 LKK EFB P, 2009 WL 2365716, at *2 (E.D. Cal. July 31, 2009), report and recommendation adopted 2009 WL 3233903 (E.D. Cal. Sept. 30, 2009) (court denied the plaintiff's motion for default judgment on the second amended complaint against defaulted defendant as moot because third amended complaint superseded the prior complaints and the default judgment must be on the basis of the third amended complaint); <u>Vanguard Financial Service Corp. v. Johnson</u>, 736 F. Supp. 832, 835 (N.D. Ill.1990) (denying as moot plaintiff's motion for default judgment where amended complaint subsequently filed).

In this case, no proof of service has been filed on the amended complaint.   It does not appear that Phix Doctor has been served with the amended complaint. Plaintiff argues that the amended complaint does not need to be served on Phix Doctor, a defaulted defendant, because there are no new claims alleged against it.  Phix Doctor argues that the amended complaint increases its liability to include liability for being a successor corporation and liability for its use of "Dura-Rezn."  Moreover, it contends that the addition of the claim of "Dura-Rezn" creates liability for Phix Doctor for the time of 2012-2014 while previously it was liable from 2011-2012. (Dkt. No. 73 at 3.)

Rule 5(a)(2) provides that "[n]o service is required on a party who is in default for failing to appear."  Fed. R. Civ. P. 5(a)(2).  However, a party must be served pursuant to Rule 4 if a pleading asserts a new claim for relief against that party.  <u>Id.</u> "An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' and (2) the 'pleadings assert[ ] new or additional claims for relief.'" <u>Employee Painters' Trust v. Ethan Enters,, Inc.</u>, 480 F3d 993, 999 (9th Cir. 2007) (citing Rule 5(a)).  Rule 5(a)(2) "ensures that a party, having been served, is able [to] make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served."  <u>Blair</u>, 522 F.3d at 109.  While adding new claims require service under Rule 4, the addition of new factual allegations do not.  <u>See</u> <u>JBR, Inc v.</u>

[13cv1395-GPC(BLM)]

1   <u>Cafe Don Paco, Inc.</u>, No. 12cv2377-JD, 2014 WL 5034292, at *1 (N.D. Cal. Sept. 30,

2   2014) ("the plain language of Rule 5(a)(2) compels the conclusion that the addition of

3   new factual allegations in an amended complaint, without the addition of a new claim,

4   does not require service of the amended pleading on a party in default for failure to

5   appear."); <u>Orocovis Petroleum Corp. v. Puerto Rico Ports Authority</u>, No. 08-2359

6   (GAG/BJM), 2010 WL 3420004 (D. Puerto Rico Aug. 2, 2010) ("because the changes

7   made in the amended complaint [not properly served] were not substantial, additional

8   service of process on the original defendants was not required and the amended

9   complaint should be used to determine the sufficiency of the claims.").

10       A careful review of the complaint and the first amended complaint reveals that

11  no additional claims for relief are alleged against Defendant Phix Doctor; however

12  additional facts were added as to Defendant Gowen.  Specifically, Plaintiff adds facts

13  stating that Gowen added an "N" to the end of the infringing mark, Dura RezN.  (Dkt.

14  No. 75, FAC ¶¶ 26-27.)   However, the original complaint alleges trademark

15  infringement and recovery as to Defendant "uses of any mark confusingly similar to

16  Plaintiff's SOLAREZ trademark, any mark containing the -rez suffix, and particularly

17  Defendants' "Durarez" mark, and any and all iterations thereof." (Dkt. No. 1, Compl.

18  ¶ 27.)  This broad allegation in the original complaint encompasses any potential

19  liability for the mark, Dura RezN.  Moreover, contrary to Defendant's allegation, the

20  time period for liability did not change.  The original complaint sought relief from

21  Defendant's first use of Durarez in 2011 to the present as Plaintiff alleges that

22  Defendant still sells Durarez products.  Lastly, there is no allegation of successor

23  liability in either complaint.

24       Plaintiff has not added any new claims for relief against Defendant Phix Doctor

25  in the amended complaint and any factual allegations are not substantial to increase the

26  liability of Phix Doctor.  The Court finds that, pursuant to Rule 5(a)(2), Plaintiff was

27  not required to serve Defendant with the amended complaint.

28       Because Defendant Phix Doctor, Inc. does not need to be served with the

1  amended complaint under Rule 5(a)(2), it follows that the filing of the amended

2  complaint, not the service, supersedes the original complaint.  In this case, the amended

3  complaint was filed on November 4, 2014 which supersedes the original complaint.

4  Consequently, the Court concludes that default judgment cannot be entered against a

5  defendant in default on the original complaint which is superseded by an amended

6  complaint.  As such, the Court DENIES Plaintiff's motion for default judgment and

7  consequently DENIES Defendant's motion to set aside default as MOOT.

8  **B.      Award of Attorneys' Fees as Condition of Setting Aside Default**

9       Plaintiff also requests that if the Court sets aside the default, it should be

10 conditioned on the payment by Defendant of attorneys' fees and costs totally

11 $20,578.50 that have been incurred as a result of Defendant's dilatory conduct.

12 Defendant does not address this request in its reply; however, it complains that Plaintiff

13 has been uncooperative causing unnecessary motion work in this case.

14       "Even where the Court finds the merits in favor of setting aside an entry of

15 default," the Court has discretion to condition setting aside the default "upon the

16 payment of a sanction." Nilsson, Robbins et al. v. Louisiana Hydrolec, 854 F.2d 1538,

17 1546-47 (9th Cir. 1988).  By conditioning the setting aside of a default, the Court can

18 rectify "any prejudice suffered by the non-defaulting party as a result of the default and

19 the subsequent reopening of the litigation." Id. at 1546. In Nilsson, the defendant had

20 acted in "willful or deliberate disregard of discovery rules and court orders." Id. at

21 1547. The district court had "lifted three entries of default, imposed four orders for

22 money sanctions against the defendant for failure to comply with discovery requests

23 and court orders, and held numerous hearings on motions to comply with discovery

24 requests." Id.  By conditioning setting aside the defaults, the judge "was attempting

25 to facilitate discovery and was protecting the non-defaulting party by not requiring the

26 plaintiff to pay for its costs." Id. at 1546.

27       In the Court's prior order setting aside default against Defendant, filed on March

28 17, 2014, the Court denied Plaintiff's request to condition a motion to set aside default

1  on an award of attorney's fees and costs against Phix Doctor. (Dkt. No. 34.) In that

2  order the Court noted that Defendant's conduct was not egregious but appeared to be

3  "administrative mishaps." (Id. at 8.) But, in that order, the Court warned defense

4  counsel that "if he continues to miss court deadlines without seeking relief from the

5  Court, the Court may impose sanctions in the future." (Id.) In this instance, while the

6  Court did not set aside the default due to the filing of the amended complaint, the Court

7  finds it appropriate to issue sanctions against defense counsel for his continued dilatory

8  conduct in missing deadlines and failing to comply with Court orders.

9      Since the prior order setting aside default, the "administrative mishaps" have

10  continued with late and missed filing deadlines and another default entered against

11  Phix Doctor causing many months of delay. Defense counsel has continued his

12  dilatory conduct and failed to comply with court orders setting filing deadlines. In fact,

13  defense counsel has acknowledged that the default was due to his conduct and not

14  Defendant. (See Dkt. No. 71-1 at 5.) As a result of the continued conduct, another

15  default was entered against Defendant, a subsequent motion to set aside default and a

16  motion for default judgment had to be unnecessarily filed expending valuable and

17  costly attorney resources of Plaintiff. Based on the continued conduct of defense

18  counsel in failing to comply with court orders and deadlines, the Court now finds that

19  sanctions are warranted. Accordingly, the Court GRANTS Plaintiff's request for

20  attorneys' fees and costs.

21      Plaintiff seeks payment of attorneys' fees and costs as a result of all work related

22  to defaults in this case. This includes attorneys' fees and costs the Court denied in its

23  order filed on March 17, 2014. (Dkt. No. 34.) In that order, the Court denied

24  Plaintiff's request for attorneys' fees and costs in the amount of $10,829.00 as

25  Defendant's actions did not constitute egregious conduct at that time. Therefore,

26  Plaintiff should not now be entitled to those fees. However, attorneys' fees and costs

27  is justified due to the continued dilatory conduct by defense counsel and Plaintiff

28  should be granted attorneys' fees and costs for the work involved in responding to the

Court's order to show cause why the case should not be dismissed for failing to move for default judgment, filing the motion for default judgment and filing an opposition to Defendant's motion to set aside default.  Plaintiff asserts that the legal work amount to $8,182.50 in attorneys' fees and $46.00 in costs.  (Dkt. No. 74, Barnes Decl. ¶ 14.)  Moreover, defense counsel is expecting to spend an additional five hours on the reply to the motion for default judgment: 4 hours at a rate of $275/hour and 1 hour at a rate of $375/hour.[2]  The additional five hours amount to $1,475.00 plus an additional $46 in costs.  Therefore, the total amount of attorneys' fees and cost are **$9,749.50.**

### Conclusion

Based on the above, the Court DENIES Plaintiff's motion for default judgment and Defendant's motion to set aside default as MOOT.  The default entered on July 18, 2014, (Dkt. No. 54), shall be vacated.  The Court also grants Plaintiff's request for sanctions in the amount of **$9,749.50** in attorneys' fees and costs.

Defendant shall file an answer within five (5) days of the filing of the Court's order.  The Court further ORDERS defense counsel to comply with the deadlines outlined in the Federal Rules of Civil Procedure, the Civil Local Rules and the procedures delineated in the undersigned Chambers Rules.  The hearing set for December 5, 2014 shall be **vacated**.

IT IS SO ORDERED.


DATED:  December 2, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[2]Plaintiff also estimates spending two hours of time to attend the hearing on both motions.  Since the Court is ruling on both motions without oral argument, these two hours will not be included in the award of fees and costs.