1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| WAHOO INTERNATIONAL, INC, | CASE NO. 13cv1395-GPC(BLM) |

11

Plaintiff,

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO ALTER OR AMEND**

12

vs.

13

PHIX DOCTOR, INC., a Florida Corporation; and DOES 1-10,

14

Defendant.

[Dkt. No. 84.]

15

16      Before the Court is Defendant's motion to alter or amend, pursuant to Federal

17   Rule of Civil Procedure 59(e) and 60(b), the Court's order, filed on December 2, 2014,

18   denying Plaintiff's motion for default judgment and Defendant's motion to set aside

19   default as moot, and granting Plaintiff's request for attorneys' fees and costs. (Dkt. No.

20   84.)  Plaintiff filed an opposition and Defendant filed a reply.  (Dkt. Nos. 91, 92.)

21   Based on the briefs, supporting documents, and the applicable law, the Court GRANTS

22   in part Defendant's motion to alter or amend the Court's order.  (Dkt. No. 80.)

23                                         **Background**

24      Defendant brings a motion to reconsider under Federal Rule of Civil Procedure

25   ("Rule") 59(e) and Rule 60(b).  Plaintiff opposes.

26      Rule 59(e) provides for the filing of a motion to alter or amend a judgment.  Fed.

27   R. Civ. P. 59(e).  Reconsideration of a motion for attorneys' fees is not proper under

28   Rule 59(e) because the motion does not seek to alter the final judgment.  White v. New

[13cv1395-GPC(BLM)]

Hampshire Dept. of Employment Security, 455 U.S. 445, 452 (1982); see also Amar v. LSREF 2 APEX 2, LLC, No. 12cv969-JCM(RJJ), 2013 WL 1269637, at * 1 (D. Nev. Mar. 25, 2013). Therefore, Defendant's motion for reconsideration cannot be brought pursuant to Rule 59(e).

Defendant also brings a motion to reconsider under Rule 60(b). It appears Defendant is bringing the motion for reconsideration pursuant to Rule 60(b)(2); (4); (5) and (6) as it quotes these provision of Rule 60(b). (See Dkt. No. 84 at 4.)

Under Rule 60(b),

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (4) the judgment is void; (5) . . . it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(d) provides,

> This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

The Court has discretion in granting or denying a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for reconsideration should not be granted absent highly unusual circumstances. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision. Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az.1998)).

/ / / /

**Discussion**

The motion seeks the Court to "alter, amend, or reconsider its decision on December 2, 2014 granting attorney fees and setting aside the default." (Dkt. No. 84-1 at 1-2.) However, it is not entirely clear what relief Defendant seeks in its motion and Defendant appears to believe that the Court granted Defendant's motion to set aside default and that such an order is void. (Dkt. No. 84 at 4.) Defendant argues that the Court lacked jurisdiction of the case when the issue of default became moot when Plaintiff filed its amended complaint. (Dkt. No. 84 at 4-5.) Therefore, the Court was without jurisdiction to rule on the motion for attorney's fees. (Dkt. No. 84 at 6.)[1] However, contrary to Defendant's argument, the Court did not grant Defendant's motion to set aside default. Instead, in line with Defendant's argument, the Court denied Defendant's motion to set aside default as moot. (Dkt. No. 80.) The Court does not disagree with Defendant that the amended complaint rendered the default moot.[2] However, Defendant provides no authority that as a result of denying the motion to set aside default as moot, the Court lacked jurisdiction to consider the request for attorney's fees.

As to the award of attorneys' fees and costs of $9,749.50, Defendant summarily contends that the amount is substantially unreasonable in light of the parties' individual circumstances and will force Defendant into bankruptcy which will only create more problems.

On December 2, 2014, the Court issued an order denying Plaintiff's motion for default judgment and Defendant's motion to set aside default as moot and granting Plaintiff's request for attorneys' fees and costs. In granting sanctions of attorneys' fees

---

[1]Defendant argues that its "request to set aside a default became moot when the amended complaint extinguished the default making relief impossible and a grant of the motion or attorneys fee void." (Dkt. No. 84 at 6.)

[2]Defendant also raises an argument that it was properly served with the amended complaint; however, it is not clear how it concerns or affects the instant motion. The Court concluded Plaintiff was not required to serve Defendant with the amended complaint pursuant to Federal Rule of Civil Procedure 5(a)(2).

[13cv1395-GPC(BLM)]

and cost, the Court explained:

> In the Court's prior order setting aside default against Defendant, filed on March 17, 2014, the Court denied Plaintiff's request to condition a motion to set aside default on an award of attorney's fees and costs against Phix Doctor. (Dkt. No. 34.) In that order the Court noted that Defendant's conduct was not egregious but appeared to be "administrative mishaps." (Id. at 8.) But, in that order, the Court warned defense counsel that "if he continues to miss court deadlines without seeking relief from the Court, the Court may impose sanctions in the future." (Id.) In this instance, while the Court did not set aside the default due to the filing of the amended complaint, the Court finds it appropriate to issue sanctions against defense counsel for his continued dilatory conduct in missing deadlines and failing to comply with Court orders.

> Since the prior order setting aside default, the "administrative mishaps" have continued with late and missed filing deadlines and another default entered against Phix Doctor causing many months of delay. Defense counsel has continued his dilatory conduct and failed to comply with court orders setting filing deadlines. In fact, defense counsel has acknowledged that the default was due to his conduct and not Defendant. (See Dkt. No. 71-1 at 5.) As a result of the continued conduct, another default was entered against Defendant, a subsequent motion to set aside default and a motion for default judgment had to be unnecessarily filed expending valuable and costly attorney resources of Plaintiff. Based on the continued conduct of defense counsel in failing to comply with court orders and deadlines, the Court now finds that sanctions are warranted.

(Dkt. No. 80 at 7-8.)  Defendant argues that the Court lacked jurisdiction to make an award of sanctions under its inherent powers because it did not make a finding of "bad faith." However, the Court did not issue sanctions under its inherent powers, but pursuant to Nilsson, where the Ninth Circuit held that sanctions can be issued as a condition to setting aside a default and a finding of bad faith is not required. Nilsson v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988); see also Na Pali Haweo Comm. Ass'n v. Grande, 252 F.R.D. 672, 675 (D. Hawaii 2008) (Nilsson allows a court to condition the setting aside of a default on payment of a sanction absent a showing of bad faith).

Next, Defendant contends that Plaintiff was the reason for the delay in proceedings because it refused to stipulate to setting aside the default. Defendant argues the facts of the case are akin to Na Pali Haweo Comm. Ass'n v. Grande where the district court held that sanctions were not warranted as a condition of setting aside

1  default because the defendants' conduct did not rise to the requisite level of

2  egregiousness found under Nilsson. 252 F.R.D. at 675. In Grande, the defendants

3  asked for a voluntary extension of time to file an answer from the plaintiff who did not

4  respond and the defendants did not file a timely answer in order to avoid a Rule 11(b)

5  infraction. Id. at 673. The following day, July 16, Plaintiffs entered default, and on

6  July 19, defendants filed their answer and counterclaim. Id. Then on August 9, the

7  plaintiff filed a motion to strike the defendants' answer. Id. On August 11, 20 and

8  September 13, the defendants requested to plaintiff's counsel to voluntarily set aside

9  the default but the plaintiff's counsel declined. Id. On September 27, the defendants

10 filed a motion to set aside the default which was granted by the court after briefing. Id.

11 In declining to issue sanctions, the court explained that the plaintiff is the party that can

12 be seen as complicating the proceedings surrounding the initial granting of the default,

13 which caused both parties to incur unnecessary costs. Id. at 675. "Plaintiff obtained the

14 default on the first day the Federal Rules allowed and continually refused to respond

15 to the [defendants'] requests for a continuance and to voluntarily set aside the default.

16 Furthermore, Plaintiff challenged the [defendants'] Motion to Set Aside, in spite of

17 having almost no possibility of defeating the motion." Id.

18      Similarly, in this case, Defendant argues that Plaintiff has complicated the

19 proceedings and refused to set aside the default even while it was attempting to amend

20 its complaint which would have made the default moot. While Plaintiff could have

21 stipulated to a joint motion to set aside default, it is not responsible for the numerous

22 late filings and failure to comply with court orders.[3] In the motion to set aside default,

23

24      [3]Since the Court's order denying Plaintiff's initial request for attorneys' fees
filed on March 17, 2014, Defendant filed a late motion to dismiss on April 3, 2014
25 when the Court directed Defendant to file a responsive pleading by March 31, 2014.
(Dkt. Nos. 34, 36.) Defendant filed a late reply to its motion to dismiss on May 20,
26 2014 when it should have been filed by May 16, 2014. (Dkt. Nos. 37, 45.) Then,
Defendant failed to file an answer pursuant to Rule 12 when the Court denied
27 Defendant's motion to dismiss. (Dkt. No. 49.) As a result, default was entered. (Dkt.
No. 54.) Then, Defendant failed to timely file an opposition to Plaintiff's motion to
28 amend on September 12, 2014 but instead filed an opposition on September 17, 2014.
(Dkt. Nos. 60, 64.) As to Plaintiff's motion for default judgment, Defendant filed a late

1    defense counsel acknowledged that the default was due to his conduct and not

2    Defendant. (See Dkt. No. 71-1 at 5.)

3         While the plaintiff in Grande was diligent in pursuing its case and the defendants

4    created some of the problems in complicating the procedures, in this case, Defendant

5    has not been diligent.  The second default was entered on July 18, 2014, (Dkt. No. 54);

6    however, a motion to set aside was not filed until three months later on October 15,

7    2014.  (Dkt. No. 71.)  During those three months, the Court set an OSC hearing on

8    September 2, 2014 for Plaintiff's failure to move for default judgment. (Dkt. No. 62.)

9    The OSC hearing was held on September 26, 2014, where the Court allowed Plaintiff

10   to file its motion for default judgment by October 10, 2014.  Plaintiff filed a motion for

11   default judgment on October 10, 2014.  (Dkt. No. 68.)  The round of filings on the

12   motion for default judgment could have been avoided if a motion to set aside default

13   had been filed shortly after default was entered in July 2014.  While Defendant argues

14   that plaintiff should have known that an amended complaint would make a default

15   moot, Plaintiff had a legal argument that a default would not be mooted, despite the fact

16   the Court ruled against Plaintiff.

17       Moreover, while Defendant attempts to point the blame to Plaintiff as the reason

18   why sanctions should not be issued, Defendant's conduct goes beyond just the motion

19   to set aside default.  Default has been entered two times in this case.[4]  Defendant has

20   failed to comply with deadlines issued by the Court and as required under the Federal

21   Rule of Civil Procedure, and Civil Local Rules.  In a prior order setting aside default,

22

23   opposition on November 10, 2014, instead of October 31, 2014.  (Dkt. Nos. 70, 77.)
     Even the reply to the instant motion to alter judgment was filed one day late on January
24   24, 2015 instead of January 23, 2014 as required by the Civil Local Rules.  (Dkt. No.
     92.) These were all filed late without requesting leave of Court.
25

26   [4]In fact, request for entry of default has been filed three times in this case.  The
     first time it was requested, Defendant, a corporation, appeared without counsel, and the
27   Court set an order to show cause why Defendant shall not be default for failing to have
     counsel appear for the corporation.  (Dkt. No. 10.)  At the order to show cause hearing,
28   Defendant appeared with counsel and the Court denied Plaintiff's request for default.
     (Dkt. No. 15.)  This request for default was not due to the lack of diligence by defense
     counsel.

the Court denied Plaintiff's motion for attorney's fees stating that the errors were "administrative mishaps."  However, since then, defense counsel has continually violated court orders, without seeking relief from the Court.  More recently, on January 9, 2015, the Court held an OSC hearing for Defendant's failure to file a timely answer. (Dkt. Nos. 82, 87.)

Lastly, Defendant contends that the attorney's fee award violates the equal protection clause because it has been "irrationally singled out as a so-called 'class of one.'" (Dkt. No. 84 at 12.)  "To succeed on his 'class of one' claim, [Defendant] must demonstrate that the [Court]: (1) intentionally (2) treated [Defendant] differently than other similarly situated [defendants], (3) without a rational basis." Gerhart v. Lake County, Montana, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Besides a conclusory allegation of an equal protection violation, Defendant fails to demonstrate that the Court intentionally treated Defendant's case different than others and without a rational basis.

Despite citing to Rule 60(b)(2), (4), (5), (6) and 60(d), Defendant has not presented any legal argument or presented additional facts that reconsideration is warranted.  Accordingly, the Court DENIES Defendant's motion to alter or amend judgment on these provisions.

However, the Court has carefully reviewed its order granting attorneys' fees and reconsiders the amount awarded.  The Court declines to award fees as to attorney hours spent responding and attending the hearing regarding dismissal for failure to file for default judgment.  While Plaintiff states that defense counsel had represented that he would be moving to set aside default, Plaintiff did not move for default judgment any time after the deadline of August 17, 2014.  Based on past history, Plaintiff could have recognized that Defendant was not going to file its motion to set aside default or file it timely.  On September 2, 2014, the Court set an OSC  for September 26, 2014 and Plaintiff filed its motion for default judgment on October 10, 2014.  While Defendant's default and failure to file a motion to set aside default caused the delay and unnecessary

work by Plaintiff, Plaintiff was partly responsible for the OSC proceedings. Accordingly, the Court declines to award attorneys' fee for work done in responding to the OSC and attending the hearing.  In her brief, Plaintiff's counsel only provides a lump sump of the attorneys' fees without identifying what portions of the fees are attributed to specific work.  Without such information, the Court reduces the amount of attorneys' fees by $4000.00.  Accordingly, the Court GRANTS in part Defendant's motion to alter or amend judgment.

### Conclusion

Based on the above, the Court GRANTS in part Defendant's motion to alter or amend judgment and reduces the amount of attorneys' fees and cost award to $5,749.50.  Defendant is hereby ORDERED to comply with the Court's order and pay Plaintiff $5,749.50 within three months of this Order.

IT IS SO ORDERED.


DATED:  January 29, 2015

HON. GONZALO P. CURIEL
United States District Judge

[13cv1395-GPC(BLM)]