1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10   WAHOO INTERNATIONAL, INC,             CASE NO. 13cv1395-GPC(BLM)

11                          Plaintiff,     **ORDER DENYING DEFENDANT'S**
                                           **MOTION TO ALTER OR AMEND**
12         vs.
                                           [Dkt. No. 130.]
13   PHIX DOCTOR, INC., a Florida
     Corporation; and DOES 1-10,
14
                          Defendants.
15

16         Before the Court is Defendant's motion to alter or amend, pursuant to Federal

17   Rule of Civil Procedure ("Rule") 59(e) and 60(b), the Court's order "granting attorney

18   fees and set aside." (Dkt. No. 130.)  Plaintiff filed an opposition, and Defendant filed

19   a reply.  (Dkt. Nos. 131, 134.) Based on the reasoning below, the Court DENIES

20   Defendant's motion to alter or amend the Court's order.

21                                **Background**

22         This case has an extensive procedural history and a more detailed factual

23   background is recited in the Court's prior order filed on September 4, 2015. (Dkt. No.

24   126.)  In sum, due to defense counsel's dilatory conduct, default has been entered two

25   times[1] in this case, and defense counsel has continuously filed numerous late filings

26   without requesting leave of Court.  While not addressing all the late filings during the

27   _____

28         [1]While default has been entered three times in this case, the first default was not
     due to defense counsel's dilatory conduct.

pendency of this case, the Court noted in a previous order,

> [s]ince the Court's order denying Plaintiff's initial request for attorneys' fees filed on March 17, 2014, Defendant filed a late motion to dismiss on April 3, 2014 when the Court directed Defendant to file a responsive pleading by March 31, 2014. (Dkt. Nos. 34, 36.) Defendant filed a late reply to its motion to dismiss on May 20, 2014 when it should have been filed by May 16, 2014. (Dkt. Nos. 37, 45.) Then, Defendant failed to file an answer pursuant to Rule 12 when the Court denied Defendant's motion to dismiss. (Dkt. No. 49.) As a result, default was entered. (Dkt. No. 54.) Then, Defendant failed to timely file an opposition to Plaintiff's motion to amend on September 12, 2014 but instead filed an opposition on September 17, 2014. (Dkt. Nos. 60, 64.) As to Plaintiff's motion for default judgment, Defendant filed a late opposition on November 10, 2014, instead of October 31, 2014. (Dkt. Nos. 70, 77.) Even the reply to the instant motion to alter judgment was filed one day late on January 24, 2015 instead of January 23, 2014 as required by the Civil Local Rules. (Dkt. No. 92.)

(Dkt. No. 99 at 5-6 n. 3.)

While Plaintiff sought attorney's fees as a condition of setting aside default regarding the default entered on November 20, 2013, (Dkt. No. 17), the Court, on March 17, 2014, denied the request concluding that the errors, at the time, appeared to be administrative mishaps. (Dkt. No. 34.) In that order, the Court warned Defendant that if it continued to miss court deadlines without seeking leave of Court, the Court may impose sanctions in the future. (Dkt. No. 34 at 8.)

Then, after the second default was entered on July 18, 2014, (Dkt. No. 54), the Court denied Plaintiff's motion for default judgment and Defendant's motion to set aside default as moot. (Dkt. No. 80.) In that order, filed on December 2, 2014, the Court also granted Plaintiff's request for attorneys' fees and costs. The Court explained,

> Since the prior order setting aside default, the "administrative mishaps" have continued with late and missed filing deadlines and another default entered against Phix Doctor causing many months of delay. Defense counsel has continued his dilatory conduct and failed to comply with court orders setting filing deadlines. In fact, defense counsel has acknowledged that the default was due to his conduct and not Defendant. (See Dkt. No. 71-1 at 5.) As a result of the continued conduct, another default was entered against Defendant, a subsequent motion to set aside default and a motion for default judgment had to be unnecessarily filed expending valuable and costly attorney resources of Plaintiff. Based on the continued conduct of defense counsel in failing to comply with court orders and deadlines, the Court now finds that sanctions are warranted.

(Id. at 7-8.)  Even though the Court denied the motion to set aside default as moot,  the Court granted Plaintiff's request for sanctions in the amount of $9,749.50 in attorney's fees and costs based on Nilsson v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988), holding that a district court has discretion to condition setting aside the default "upon the payment of a sanction."  This Court concluded that "while the Court did not set aside the default due to the filing of the amended complaint, the Court finds it appropriate to issue sanctions against defense counsel for his continued dilatory conduct in missing deadlines and failing to comply with Court orders." (Dkt.  No. 80 at 8.)

On January 2, 2015, Defendant filed a motion to alter or amend judgment of the Court's order granting attorneys' fees and costs filed on December 2, 2014 pursuant to Rules 59(e) and 60(b).  (Dkt. No. 84.)  On January 29, 2015, the Court granted in part Defendant's motion to alter or amend and reduced the amount of attorneys' fees and cost award to $5,749.50 and directed Defendant to pay Plaintiff within three months of the Order.  (Dkt. No. 99.)  Plaintiff did not receive payment of the sanctions from either Defendant or defense counsel despite efforts to seek payment.  (Dkt. No. 121-1, Barns Decl. ¶¶ 4-8.)  Due to Defendant's failure to pay, on July 13, 2015, Plaintiff filed an amended motion to hold Defendant and its attorney in contempt. (Dkt. No. 121.)  On September 4, 2015, the Court denied Plaintiff's motion to hold Defendants and its attorney in contempt.  (Dkt. No. 126.)  In that order, the Court clarified its previous order that the sanctions were to be paid by defense counsel and not Defendant since he was the cause of the dilatory conduct, and directed defense counsel to pay the amount of the sanctions within four weeks.  (Id. at 6.)

Instead of paying the amount due to Plaintiff, on October 3, 2015, Defendant filed the instant motion to alter or amend judgment, one day later than required by the undersigned chambers rule.  (Dkt. No. 130.)  On October 16, 2015, Plaintiff filed an opposition stating that the motion was moot because it had received payment by check, dated October 6, 2015, from defense counsel.  (Dkt. No. 131.)  Then on October 20,

[13cv1395-GPC(BLM)]

2015, Plaintiff filed a supplemental declaration indicating that when it deposited the check, defense counsel placed a stop payment on the check, the funds were withdrawn and bank fees were incurred. (Dkt. No. 132, Wirtz Decl. ¶ 2.) Defendant filed a late reply on October 24, 2015, instead of filing it timely on October 23, 2015. (Dkt. No. 134.)

## Discussion

### A.    Motion to Alter or Amend

The Court notes that Defendant's motion is faulty on several grounds. First, Defendant has not provided any legal authority that it can bring a second motion to alter or amend on the same issues. The order granting attorneys' fees and costs was filed on December 2, 2014. On January 2, 2015, Defendant filed a motion to alter or amend the Court's order of December 2, 2014. On January 29, 2015, the Court granted in part Defendant's motion to alter or amend by reducing the amount of the attorneys' fees and costs. The instant motion to alter or amend is another attempt to seek review of the Court's prior order imposing sanctions based on similar arguments raised before, and already addressed by the Court in its order filed on January 29, 2015. The instant motion is duplicative of the prior motion filed on January 2, 2015, and not properly before the Court.

Second, as already raised in the prior order addressing Defendant's motion to alter or amend, Defendant's argument is based on an incorrect understanding of the Court's prior order granting attorneys' fees and costs filed on December 2, 2014. Defendant previously argued and again argues that the order imposing sanctions consisting of attorney's fee filed on December 2, 2014 is void and the Court lacked jurisdiction to make such an order because the Court found that "the default was not mooted and granted the set aside and attorney fees." (Dkt. No. 130 at 2.) However, as previously noted by the Court in its order of January 29, 2015, "the Court did not grant Defendant's motion to set aside default. Instead, in line with Defendant's argument, the Court denied Defendant's motion to set aside default as moot. The Court does not

disagree with Defendant that the amended complaint rendered the default moot." (Dkt. No. 3.) Therefore, Defendant's argument concerning the Court's prior order granting attorneys' fees and costs as sanctions is misplaced.

Third, Defendant argues that the Court subsequently converted the award of sanctions without providing notice and a finding of bad faith. It appears that Defendant is challenging the Court's recent order filed on September 4, 2015 denying Plaintiff's motion to hold Phix Doctor, Inc. and its attorney in contempt. (Dkt. No. 126.) First, as noted by the caption of the Court's order, it denied Plaintiff's motion to hold Defendant and its attorney in contempt. The Court did not impose additional sanctions. Instead, the Court clarified its prior order imposing sanctions and concluded that the sanctions applied to Defendant's attorney and not Defendant. (See Dkt. No. 126.) The clarification should not come as a surprise to defense counsel as the Court's prior order noted that it was defense counsel's dilatory conduct that resulted in the sanctions. In addition, Defendant asserts that the sanction order is void because there was no finding of bad faith under the Court's inherent powers to sanction. However, as already noted in the Court's prior order, the Court did not impose sanctions based on its inherent authority. (Dkt. No. 99 at 4.)

The Court granted Plaintiff's request to condition the setting aside the default on the payment of attorneys' fees and costs that have been incurred based on Defendant's dilatory conduct pursuant to Nilsson, Robbins et al. v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988). While the Court found that setting aside the default was moot, the Court found that sanctions were warranted based on the continued conduct of defense counsel in failing to comply with court orders and deadlines. (Dkt. No. 80 at 8-9.) As stated by the Court in its prior order filed on January 29, 2015, Defendant provided no authority that as a result of denying the motion to set aside default as moot, the Court lacked jurisdiction to consider the request for attorney's fees. (Dkt. No. 99 at 3.) The Court notes that it has further discretion and authority to impose sanctions for failing to comply with court orders without a showing of bad faith or intentional

[13cv1395-GPC(BLM)]

conduct pursuant to Rule16(f)[2] and Local Civil Rule 83.1[3].   See In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006); see also Lucas Automotive Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when failure to comply is unintentional); Martin Family Trust v. Heco/Nostalgia Enters. Co., 186 F.R.D. 601, 604 (E.D. Cal. 1999).

In his numerous briefs, defense counsel has provided no explanation or reasons for his continued dilatory conduct in complying with scheduling orders and filing deadlines.[4] Accordingly, because Defendant provides no basis for its motion, the Court DENIES Defendant's motion to alter or amend.

**B.    Motion to Certify Issue on Appeal**

Defendant requests, without providing any legal authority, that the Court certify for appeal the issue of attorney fee sanctions imposed on defense counsel.  It merely

---

[2]Rule 16 specifies that "the court must order the party, its attorney, or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

[3]Civil Local Rule 83.1 provides,

> Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

Civil L. R. 83.1

[4]With the exception of filing a late answer on December 19, 2014, defense counsel has provided no reason why he has continuously missed court deadlines.  On December 19, 2014, the Court issued an order to show cause why sanctions should not be imposed for failing to comply with the Court's order directing Defendant to file an answer within five days of the Court's order filed on December 2, 2014.  (Dkt. No. 82.)  Instead, Defendant filed an answer on December 19, 2014. (Dkt. No. 81.) At the order to show cause hearing, defense counsel provided reasons and subsequently submitted documents for in camera review why he did not timely file an answer.  (Dkt. Nos. 87, 97.)  On January 29, 2015, the Court issued an order following order to show cause hearing  and concluded that sanctions were not warranted at the time but admonished counsel to timely comply with all deadlines set by the Court, the Rules, Local Civil Rule and Local Chambers Rule.  (Dkt. No. 98.)

[13cv1395-GPC(BLM)]

1  argues that there is a significant difference of opinion and certifying the issue on appeal

2  will promote settlement of the case.  Plaintiff opposes arguing that Defendant has not

3  demonstrated certification of the issue for appeal and allowing certification would

4  allow Defendant to further drive up Plaintiff's attorney's fees.

5          A district court may certify an order for interlocutory appellate review where the

6  order involves 1) a controlling question of law; 2) as to which there is substantial

7  ground for difference of opinion; and 3) where an immediate appeal from the order may

8  materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  A

9  district court's decision whether to certify an order for interlocutory appeal should be

10  used "in extraordinary cases where decision of an interlocutory appeal might avoid

11  protracted and expensive litigation."  <u>United States Rubber Co. v. Wright</u>, 359 F.2d

12  784, 785 (9th Cir. 1966).

13          Here, Defendant has not demonstrated that certification on appeal is warranted.

14  Accordingly, the Court DENIES Defendant's request to certify the sanctions issue on

15  appeal.

16                                          **Conclusion**

17          Based on the above, the Court DENIES Defendant's motion to alter or amend

18  The Court also DENIES Defendant's motion to certify the issue on appeal.  Defense

19  counsel is directed to comply with the Court's order and submit payment of $5,749.50

20  to Plaintiff's counsel within four weeks of this Order.  Defense counsel states that since

21  he is a solo practitioner, the monetary sanction will create a substantial hardship and

22  cause significant problems financially.  (Dkt. No. 130-2, Mataele Decl. ¶ 24.)  If the

23  monetary sanction will impose an undue hardship, defense counsel can make an offer

24  to provide payment in installments if necessary.  Failure to pay the sanctions may result

25  / / / /

26  / / / /

27  / / / /

28  / / / /

[13cv1395-GPC(BLM)]

1  in additional sanctions.  The hearing scheduled on October 30, 2015 shall be **vacated.**

2      IT IS SO ORDERED.

3

4  DATED:  October 27, 2015

5

6  HON. GONZALO P. CURIEL
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[13cv1395-GPC(BLM)]